JONES *v.* MARTZ & MEEK CONSTRUCTION CO., INC.

1. CONSPIRACY—PLEADING—CORPORATIONS.
    Facts must be alleged to show that acts committed by the agent of the corporation in furtherance of the conspiracy were within the scope of the employment in order to hold the corporation liable in civil action for conspiracy.

2. SAME—SUFFICIENCY OF PLEADING—CORPORATIONS.
    Count of declaration in civil action against corporation based on alleged conspiracy was not insufficient for failure to identify the individuals within the corporation who unlawfully so combined with each other, as a corporation is a person in the eyes of the law and, as such, carries on its lawful or unlawful activities.

3. SAME—PLEADING—HOUSE CONSTRUCTION.
    Conspiracy between mortgagee company, its agent as inspector, and builders *held,* to have been properly alleged by purchasers

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 11 Am Jur, Conspiracy § 55.

of house constructed on lot pursuant to contract, where it is alleged that specifications were not followed in variously named material particulars and there was either a failure to inspect or a failure to report violations and defendants were charged with having acted in concert, conspiring unlawfully each with the other, to plaintiffs' detriment, in such matters.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted October 14, 1960. (Docket No. 91, Calendar No. 48,290.) Decided February 28, 1961.

Case by Wayne V. Jones and Edith O. Jones against Martz & Meek Construction Co., Inc., a Michigan corporation, the Equitable Life Assurance Society of the United States, a New York corporation, Gerald E. Walsh, and Forrest B. Meek and William H. Martz, individually and as copartners doing business as Martz & Meek Construction Co., for damages in failure to properly perform building contract. Third count of declaration alleging conspiracy dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Leo A. Farhat,* for plaintiffs.

*Hubbard, Fox, Thomas & Born* (*Jack D. Born,* of counsel), for defendants Equitable Life Assurance Society of the United States, and Gerald E. Walsh.

SMITH, J. Count 3 of the declaration hereinafter described was dismissed as not stating a cause of action. The pleader appeals.

Count 3 incorporated by reference certain parts of counts 1 and 2, then added allegations of its own. Piecing them all together, this is what plaintiffs complain of (we will state the allegations as facts but, of course, they are not yet established):

Plaintiffs, husband and wife, are residents of the county of Eaton. Defendants Martz and Meek are

1961]     JONES v. MARTZ & MEEK CONST. CO.     453

contractors. They are directors and stockholders of Martz & Meek Construction Company, Inc. (hereinafter called the construction company), which succeeded to the duties and obligations of Martz & Meek Construction Company, a partnership. Defendant, the Equitable Life Assurance Society of the United States (hereinafter called the insurance company), is a New York corporation. Defendant Walsh is a building inspector for the insurance company.

These are the parties. The plaintiffs next set forth that they entered into an agreement with defendants Martz and Meek (and cumulatively, and in the alternative, the partnership and the corporation) to purchase certain property and to have built thereon a house, according to certain plans and specifications; that construction was commenced but that the specifications were not followed, as a result of which there were holes in the basement walls "of 3 to 4 inches" so that rainwater flows into the basement; that no suitable tile lead from the house to the septic tank was provided, so that the bathtubs and bowls would not drain; that the septic tank and drain field were placed too deep for satisfactory operation; that the kitchen and living room floors are sagging; that the sliding doors in the house fall off their tracks, and that the kitchen-cabinet doors also sag and will not close; that the basement interior has never been finished; that the house exterior was not covered with paint sufficient to protect it from the elements; that the oven and range provided by defendants have not been paid for, and repossession is threatened; and, finally, that water lines were not placed into the house itself with the result that plaintiffs had to assume the costs thereof.

The declaration then alleges that plaintiffs applied to the defendant insurance company for a loan, which application was accepted, that such application required plaintiffs to pay a fee for progressive inspec-

tions of the construction, that its agent Walsh (who was held out to be experienced both in appraisal and inspection of new construction) did purportedly inspect such construction and certified that it was completed according to plans and specifications.

It is further alleged that agent Walsh and his employer, the defendant insurance company, owed plaintiffs a duty carefully to inspect and to report violations, but that Walsh either failed to inspect or failed to report violations, and that plaintiffs, relying upon his "inspection report," executed a mortgage to the insurance company, obligating them as described.

The final count charges that the defendants have acted in concert, conspiring unlawfully, each with the other, to plaintiffs' detriment, in the matters described above.

A motion to dismiss the amended declaration was filed by defendant insurance company and Walsh, and granted by the trial court as to count 3, on the ground that "no facts which would constitute a conspiracy or unlawful combination have been alleged."

The appellees quote 15 CJS, Conspiracy, § 24, p 1037, to the effect that:

"In an action against a corporation, facts must be alleged to show that the acts committed by the agent of the corporation in furtherance of the conspiracy were within the scope of his employment."

With respect to the above, appellees assert that:

"There are 2 corporate entities, as defendants. The conspiracy is alleged to be between such entities. If so, what persons acted for, or in behalf of the corporations, acting within the scope of their employment; to set up a preconceived plan? Plaintiffs and appellants would have defendants take their chances as to what individuals did so conspire."

What defendants apparently urge here is that it is not enough that corporations be alleged to have conspired. A pleader, it is argued, must go further and identify the individuals within the corporate organization who unlawfully so combined with each other. No authority is cited in support thereof and our independent research discloses none.

In our opinion there is no warrant for such position and it is not sound. A corporation is a person in the eyes of the law and as such carries on its activities, be they lawful or unlawful. It is sufficient for the purpose of asserting or defending causes of action that it be alleged that a corporate person did, or did not do, thus and so. The corporate veil need not be pierced merely to plead a cause of action. The identification of the precise corporate employee who acted may some day have to be shown, if the corporation denies the act, or the authority of the actor, for lacking such it may not have been the act of the corporate person at all. But this is a matter for trial, not pleading.

If, as is alleged, the insurance company, its agent, and the builders, got together and agreed to pull the wool over the eyes of these purchasers by concealing shoddy workmanship, a cause of action in conspiracy has been alleged and that is just about what was claimed here.

Reversed and remanded. Costs to appellants.

DETHMERS, C. J., and CARR, KELLY, BLACK, ED-WARDS, KAVANAGH, and SOURIS, JJ., concurred.