## WATSON v AQUINAS COLLEGE

Docket Nos. 77-2534, 77-2618. Submitted April 3, 1978, at Grand Rapids.—Decided May 9, 1978. Leave to appeal applied for.

Two security guards, Mark Smith and Charles Reitz, deliberately set fire to a building on the campus of Aquinas College. Reitz was employed by the college, Smith by Engineered Protection Systems, Inc., a private security guard agency. Ronald Watson, a professor at the college, lost personal property in the fire and brought an action for damages against Smith, Reitz, Aquinas College, Engineered Protection Systems, and California Union Insurance Company, Engineered Protection Systems' insurer. Aquinas College cross-claimed against the other defendants. Watson and Aquinas both alleged that Engineered Protection and California Union were liable under the Private Security Guard Act, and moved for summary judgment. Engineered Protection and California Union moved to strike the allegation of liability under the act because defendant Smith's act was outside the scope of his employment. The Kent Circuit Court, R. Stuart Hoffius, J., denied plaintiffs' motion and granted the defendants' motion to strike. Watson and Aquinas appealed, and the appeals were consolidated for hearing and decision. *Held:*

The Private Security Guard Act does not change the common-law rule that there is no liability on the part of an employer for torts intentionally or recklessly committed by an employee beyond the scope of his employment.

Affirmed.

1. MASTER AND SERVANT—RESPONDEAT SUPERIOR—INTENTIONAL OR RECKLESS TORTS—EMPLOYEE'S TORTS.

Under the doctrine of *respondeat superior* there is no liability on the part of an employer for torts intentionally or recklessly committed by an employee beyond the scope of his master's business.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 53 Am Jur 2d, Master and Servant §§ 426, 438.
[2] 73 Am Jur 2d, Statutes § 185.

2. STATUTES—CONSTRUCTION OF STATUTES—EXTENTION BY IMPLICATION
    —ABROGATION OF COMMON LAW.
    Statutes will not be extended by implication to abrogate the
    established rules of common law.

3. MASTER AND SERVANT—STATUTES—PRIVATE SECURITY GUARD ACT—
    LEGISLATIVE INTENT—ACCOUNTABILITY FOR EMPLOYEE'S ACTS.
    Language of a section of the Private Security Guard Act which
    states that an employer of security guards *may* be accountable
    for the conduct of its employees, rather than that the employer
    *shall* be accountable, indicates a legislative intent to make
    liability dependent upon the existence of liability at common
    law; therefore, the act does not impose liability upon an em-
    ployer or its insurer for acts of an employee which are wilful,
    malicious and wrongful (MCL 338.1067[1]; MSA 18.185[17][1]).

*Warner, Norcross & Judd* (by *Thomas J. Mc-
Namara* and *Gary P. Toth*), for plaintiff Ronald
Watson.

*Smith, Haughey, Rice & Roegge* (by *Lance R.
Mather*), for defendant Aquinas College.

*Hillman, Baxter & Hammond* (by *Joel E. Kris-
soff* and *Michael D. Wade*), for defendants Engi-
neered Protection Systems, Inc., and California
Union Insurance Company.

Before: R. B. BURNS, P. J., and J. H. GILLIS and
D. C. RILEY, JJ.

R. B. BURNS, P. J. The issue presented in this
case in whether the Private Security Guard Act of
1968, MCL 338.1051 *et seq.;* MSA 18.185(1) *et seq.,*
imposes vicarious liability upon a security guard
agency or its insurer for damages caused by the
wrongful act of an agency security guard where
the act was not within the scope of the agency's
business. We hold that it does not.

Security guards Reitz and Smith deliberately set
fire to the Aquinas College Faculty Arts Building

in order to provide an excuse for not making rounds. Reitz was employed by Aquinas College, and Smith was employed by Engineered Protection Systems, Inc. and assigned to duties at Aquinas College. Ronald Watson, an art department professor who lost personal property in the fire, brought this action against Reitz, Smith, Aquinas College, Engineered Protection, and Engineered Protection's insurer, California Union Insurance Company. Aquinas College cross-claimed against the other defendants. Both Watson and Aquinas College (hereinafter plaintiffs) alleged that the Private Security Guard Act of 1968 made Engineered Protection and California Union (hereinafter defendants) vicariously liable for the action of Smith. Defendants asserted as an affirmative defense that Smith's action was outside the scope of employment. Plaintiffs moved for summary judgment under GCR 1963, 117.2(3), and defendants moved to strike the allegation of liability under the Private Security Guard Act, GCR 1963, 115.2. The trial court' denied plaintiffs' motion and granted defendants' motion. Properly labeled, however, it appears that the trial court granted summary judgment, GCR 1963, 117.2(3), in favor of defendants. GCR 1963, 117.3. We affirm.

Unless the Private Security Guard Act modified the common law, defendants are not liable, for "[u]nder the doctrine of *respondeat superior* there is no liability on the part of an employer for torts intentionally or recklessly committed by an employee beyond the scope of his master's business". *Bradley v Stevens,* 329 Mich 556, 562; 46 NW2d 382, 385; 34 ALR2d 367, 371 (1951).

Plaintiffs rely upon two sections of the act. Section 9(1), which requires as a condition of licensing the filing of a bond or policy of insurance, provides in part:

"The bonds shall be taken in the name of the people of the state, and a person injured by the *wilful, malicious, and wrongful* act of the licensee or any of his agents or employees may bring an action on the bond or insurance policy in his own name to recover damages suffered by reason of the act." MCL 338.1059(1); MSA 18.185(9)(1). (Emphasis supplied.)

Section 17(1) provides:

"A licensee may employ as many persons as he deems necessary to assist him in his work of alarm system contractor or private guard or agency and in the conduct of his business, and *at all times during the employment may be accountable for the good conduct in the business of each person so employed.*" MCL 338.1067(1); MSA 18.185(17)(1). (Emphasis supplied.)

It is plaintiffs' theory that these two sections create a cause of action independent of the common law. They reason as follows:

"It is a familiar rule of construction that it will not be presumed that the legislature intended to do a useless thing and that if possible every part of a statute must be given effect." *Klopfenstein v Rohlfing,* 356 Mich 197, 202; 96 NW2d 782, 785 (1959).

Unless the emphasized "may" in § 17(1) is read as "shall" the section merely restates the obvious, since an employer is accountable at common law under the doctrine of *respondeat superior.* This would be a useless act. If read as "shall" the section creates a cause of action. The conduct the employer will be accountable for is that set forth in § 9(1): "wilful, malicious, and wrongful act[s]". Neither section limits liability to acts within the scope of employment. Since Smith's act was wilful, malicious and wrongful, the employer and his insurer are liable.

Plaintiffs' analysis is defective. "[S]tatutes will

not be extended by implication to abrogate the established rules of common law." *Silver v International Paper Co,* 35 Mich App 469, 472; 192 NW2d 535, 536 (1971), see *Bandfield v Bandfield,* 117 Mich 80, 82; 75 NW 287, 288 (1898). From the Legislature's use of the words "may" and "shall" in the act it is readily apparent that it understood the permissive-mandatory distinction between the two words. See particularly the remainder of § 9(1). The Legislature's use of the word "may" in § 17(1) indicates that it intended liability to be dependent upon the existence of liability at common law. Since codification of the common law is not a useless act, we see no reason to adopt plaintiffs' strained interpretation of the act.

Affirmed. Costs to defendants.