BOZARTH v HARPER CREEK BOARD OF EDUCATION

Docket No. 78-5025. Submitted October 3, 1979, at Grand Rapids.— Decided December 18, 1979.

Plaintiff, June Lower Bozarth, appeals the summary judgment of the Calhoun Circuit Court, Stanley Everett, J., dismissing claims brought for herself and on behalf of her minor son, Jessy Lower, against defendant Harper Creek Board of Education for damages as a result of alleged homosexual attacks upon her son by his teacher, defendant Loren Mixson. The trial court determined that governmental immunity barred a claim based on the school board's negligence in hiring and supervising the teacher and that the tortious acts alleged were not within the scope of the teacher's employment. *Held:*

1. The screening, hiring and supervision of teachers is a governmental function.

2. A homosexual assault by a teacher on a student is outside the scope of the teacher's employment. The doctrine of *respondeat superior* does not apply to such a situation to subject the governing school board to liability. The doctrine that an employer is liable for the tortious acts of his employees where the employee "was aided in accomplishing the tort by the existence of the agency relation" is limited to situations where, from the viewpoint of the person being harmed, the agent appears to have been acting within the scope of his employment. The mere fact that an employee's employment situation may offer an opportunity for tortious activity does not make the employer liable to the victim.

Affirmed.

1. SCHOOLS AND SCHOOL DISTRICTS — HIRING OF TEACHERS — GOVERNMENTAL FUNCTION.

The screening, hiring and supervision of teachers is a governmental function.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 104.
Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 96.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 94 *et seq.*

2. Schools and School Districts — Teachers — Scope of Employ-
ment — Sexual Assault — Torts — Principal and Agent —
Respondeat Superior.

   A homosexual assault by a teacher on a student is outside the
   scope of the teacher's employment; the doctrine of *respondeat
   superior* does not apply to such a situation to subject the
   governing school board to liability.

3. Principal and Agent — Torts — Employer's Liability for
Employee's Tortious Act — Employment as Opportunity for
Tortious Conduct.

   The doctrine that an employer is liable for the tortious acts of his
   employees where the employee "was aided in accomplishing the
   tort by the existence of the agency relation" is limited to
   situations where, from the viewpoint of the person being
   harmed, the agent appears to have been acting within the
   scope of his employment; the mere fact that an employee's
   employment situation may offer an opportunity for tortious
   activity does not make the employer liable to the victim.

*Starr & Cornell,* for plaintiff.

*Dilley, Dewey & Waddell* (by *Jonathan S. Da-
mon),* for defendant Harper Creek Board of Educa-
tion.

Before: Cynar, P.J., D. F. Walsh and L. B. Be-
beau,[*] JJ.

D. F. Walsh, J. Plaintiff June Lower Bozarth,
acting individually and on behalf of her minor son,
appeals entry of summary judgment in favor of
defendant Harper Creek Board of Education. We
have carefully considered the arguments raised on
appeal and find no error in the dismissal of counts
I and II of plaintiff's complaint.

Plaintiff's complaint arose out of alleged homo-
sexual assaults by a teacher, defendant Mixson, on

___

[*] Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiff's son. Count I alleged defendant school board's negligence in the hiring and supervision of Mr. Mixson. Count II alleged the board's vicarious liability for Mixson's conduct under the doctrine of *respondeat superior.*[1] The trial court found that the defense of governmental immunity barred count I and that plaintiff had not stated a claim under the *respondeat superior* doctrine.

The trial court's determination that the defense of governmental immunity defeats the claim stated in count I of plaintiff's complaint was correct. The screening, hiring and supervision of teachers is a governmental function. *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976).

A homosexual assault by a teacher on a student is clearly outside the scope of the teacher's employment. See *Galli v Kirkeby, supra,* 542-543 (dissenting opinion of COLEMAN, J.). The *respondeat superior* doctrine, therefore, does not apply in such a situation to subject the governing school board to liability. 1 Restatement Agency, 2d, § 219, p 481. *McCann v State of Michigan,* 398 Mich 65, 71; 247 NW2d 521 (1976) (opinion of KAVANAGH, C.J.).

By brief and oral argument, plaintiff has focused on the following language, taken from the Restatement on Agency, and found in Justice KAVANAGH's opinion in *McCann, supra,* 71:

---

[1] In count Ii, plaintiff alleged, *inter alia,* as follows:

"19. That Defendant Mixson was an agent of Defendant Board and while so employed by Defendant Board did commit homosexual assaults on Jessy Lower, forcing him to submit to and commit acts of indignity and human revulsion, all too repulsive to fully set forth in this pleading.

"20. Prior to, during, and after the homosexual assaults, Defendant Mixson was a sixth grade teacher employed by Defendant Harper Creek Board of Education.

"21. Defendant Mixson was acting within the scope of the Defendant Board's employment and in furtherance of its business when the above-mentioned attacks occurred on Jessy Lower."

"The employer is also liable for the torts of his employee if 'the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, *or he was aided in accomplishing the tort by the existence of the agency relation'.* 1 Restatement Agency, 2d, § 219(2)(d), p 481." (Emphasis added.)

It is plaintiff's argument that a jury must be allowed to determine whether Mixson "was aided in accomplishing the tort by the existence of the agency relation".

Plaintiff has cited no cases in which this subsection of the Restatement has been applied as now urged by plaintiff. In our view, proper application of the principle of liability enunciated in the subsection is limited to situations where, from the viewpoint of the person being harmed, the agent appears to have been acting within the scope of his employment.[2] Justice KAVANAGH so framed the issue in *McCann:*

"The issue in this case thus becomes whether these employees of the State of Michigan were acting within the *apparent scope* of their employment." (Emphasis added.) 398 Mich 65, 71-72.

"The complaint in this case alleges that the tortious conduct of the individual defendants was *'made possible by their positions* with the State Hospital, which parties purportedly acted on behalf of said hospital, vested with *apparent authority* to do so * * *'. * * * I am satisfied that as a matter of law the complaint in this case contains allegations which, if proven, would properly allow the fact finder to determine that the torts were committed by employees of the State of Michigan who were acting within the *apparent scope of their authority."* (Emphasis added.) 398 Mich 65, 72.

---

[2] See 1 Restatement Agency, 2d, § 219, Comment on Subsection (2), pp 484-485, with accompanying cross-reference to 1 Restatement Agency, 2d, § 261, pp 570-571.

We are not persuaded that any factual development of plaintiff's allegations under count II could justify recovery against defendant school board under the doctrine of *respondeat superior*. A teacher's homosexual assaults on his student constitute conduct clearly outside the scope of the teacher's employment and outside the teacher's apparent authority. The mere fact that an employee's employment situation may offer an opportunity for tortious activity does not make the employer liable to the victim of that activity. Summary judgment on count II was, therefore, properly entered in favor of defendant school board.

Affirmed.