APPOLLINARI v JOHNSON

Docket No. 47736. Submitted December 2, 1980, at Detroit.—Decided March 17, 1981.

Donna S. Apollinari, in her own right and as next friend of Nicholas Waselewski and Lisa A. Waselewski, brought an action against Terrence Johnson, alleging that he obtained, through false pretenses, fraud, and deceit, certain monies held in trust by Patricia Waselewski, their mother, for their benefit. Defendant moved for summary judgment, which motion was granted, Wayne Circuit Court, Charles S. Farmer, J. Plaintiff appeals. *Held:*

The circuit court properly granted defendant's motion. Plaintiff was not the real party in interest and did not have standing to bring the action.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that an opposing party has failed to state a claim upon which relief can be granted merely tests the legal sufficiency of a claim as determined from the pleadings; for the purpose of such a motion, all well-pleaded allegations are assumed to be true, and the test is whether a complaint is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. ACTIONS — REAL PARTIES IN INTEREST — SUMMARY JUDGMENT — COURT RULES.

Every action must be brought by the real party in interest, and where a plaintiff fails to show that he has a direct cause of action the proper remedy is summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1], 201.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 1, 15, 26.
[2] 73 Am Jur 2d, Summary Judgment § 4.
[3] 76 Am Jur 2d, Trusts §§ 581-583.
[4] 39 Am Jur 2d, Guardian and Ward §§ 27, 46.

3. TRUSTS — TRUSTEES — BENEFICIARIES — ACTIONS — EQUITY.

  The separation of legal and equitable title is one of the distinctive
  features of the trust relationship; legal title vests in the trustee
  to be held for the benefit of the beneficiary, and, thus, the
  beneficiary of a trust may not maintain an action at law
  against third persons where the trustee is entitled to do so;
  however, where the trustee improperly refuses or neglects to
  bring an action, the beneficiary may bring an action in equity.

4. PARTIES — GUARDIANS — INCOMPETENT PERSONS — TRUSTS —
   ACTIONS — COURT RULES.

  A guardian appointed to act on behalf of an incompetent trustee
  is the proper party to bring an action against a person for
  fraudulently obtaining monies held in the trust (GCR 1963,
  201.5).

*Gerald Tuchow Law Offices* (by *Stephen J. Tra-hey*), for plaintiff.

*Edwin C. Ross,* for defendant.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's denial of her motion to set aside a summary judgment in favor of defendant.

Plaintiff's complaint alleged that defendant, through false pretenses, fraud, and deceit, obtained $15,963.86 held in trust for herself and Nicholas and Lisa Ann Waselewski by their mother, Patricia Waselewski. Plaintiff alleged that her widowed mother was mentally ill and emotionally disturbed. Summary judgment was granted pursuant to GCR 1963, 117.2(1), on the bases that: (1) the mother had complete use and control of the monies held and could withdraw the funds whenever she wished and (2) the children, as trust

---

* Circuit judge, sitting on the Court of Appeals by assignment.

beneficiaries, were not the proper parties to bring the cause of action against defendant.

A motion for summary judgment brought under GCR 1963, 117.2(1) merely tests the legal sufficiency of the claim as determined from the pleadings. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Thus, for the purpose of such a motion all well-pleaded allegations are assumed to be true. *Bielski v Wolverine Ins Co,* 379 Mich 280, 283; 150 NW2d 788 (1967). The test is whether plaintiff's complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

On the basis of the well-pleaded allegations contained in the complaint, we conclude that plaintiff was not the proper party to bring this action. Pursuant to GCR 1963, 117.2(1) summary judgment was properly granted since plaintiff has not alleged sufficient facts to show a direct cause of action.

Every action must be prosecuted by the real party in interest. GCR 1963, 201.2. Plaintiff's complaint alleged only that the children were the beneficiaries of trust accounts held by their mother as trustee. The conclusory averment that the assets "belonged" to the children was not a well-pleaded fact sufficient to avoid dismissal. *Valentine v Michigan Bell Telephone Co,* 388 Mich 19, 30; 199 NW2d 182 (1972). The separation of legal and equitable title is one of the distinctive features of the trust relationship. Legal title vests in the trustee to be held for the benefit of the beneficiary. *Stephens v Detroit Trust Co,* 284 Mich 149, 157-158; 278 NW 799 (1938). Thus, the beneficiary of a trust may not maintain an action at law

against third persons where the trustee is entitled to do so. 2 Restatement Trusts, 2d, § 281(1), p 42; cf. *Forrest v O'Donnell,* 42 Mich 556, 558; 4 NW 259 (1880). However, where the trustee improperly refuses or neglects to bring suit, the beneficiary may sue in equity. 2 Restatement Trusts, 2d, § 282(2), p 44.

Here, assuming both that plaintiff's allegations of fraud were true and that the children had a present interest in the trust res, the proper person to bring suit against defendant would have been the children's mother, as trustee. If, as plaintiff implies, Mrs. Waselewski was incapable of bringing the cause of action, the proper plaintiff would have been a guardian appointed to act on her behalf. GCR 1963, 201.5.

Affirmed. Costs to appellee.