BORSUK v WHEELER

Docket No. 65942. Submitted October 5, 1983, at Detroit.—Decided April 2, 1984.

Kenneth R. and Madeline C. Borsuk brought an action for damages against Willie Joe Wheeler, Advance Mortgage Corporation, and unknown employees of Advance, alleging that defendants conspired to defraud the plaintiffs. The gist of the alleged conspiracy was that Wheeler contracted with plaintiffs to purchase plaintiffs' house and to apply for a mortgage with Advance, that the employees of Advance falsified Wheeler's records in order to qualify him for the mortgage, and that Wheeler thereafter, pursuant to the conspiracy plan, demanded a renegotiation of the contract and failed to appear at the closing, thereby causing damages to plaintiffs. Defendant Advance brought a motion for summary judgment for failure to state a claim upon which relief can be granted. The Wayne Circuit Court, Richard C. Kaufman, J., denied the motion for summary judgment, and defendant Advance appeals by leave granted. *Held:*

1. The trial court's reason for denying the motion, that the complaint did state a cause of action because Michigan is a notice-pleading state, was in error. The correct standard for deciding such a motion is whether the complaint set forth legal grounds upon which relief could be granted.

2. The complaint clearly alleges reliance by the plaintiffs on the actions of defendant Wheeler and a conspiracy between Wheeler and the employees of Advance. Because a conspirator may be found liable for all the acts of his co-conspirators done in furtherance of the conspiracy, Advance could be found liable if plaintiffs can show that the conspiracy was entered into prior to the time of the agreement between Wheeler and the plain-

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleadings §§ 230, 231.
[2] 16 Am Jur 2d, Conspiracy § 56.
[3] 53 Am Jur 2d, Master and Servant § 426 *et seq.*
[4] 3 Am Jur 2d, Agency § 267.
[5] 16 Am Jur 2d, Conspiracy §§ 55, 67.

tiffs. Such a prior conspiracy can be inferred from the plaintiffs' pleadings.

3. The plaintiffs sufficiently pled a causal connection between the alleged acts of Advance's employees and plaintiffs' damages.

4. A legal basis for relief will have been shown if plaintiffs can prove at trial that Advance's employees were aided in their fraud by the existence of the agency relationship between themselves and Advance.

5. It was not necessary, for purposes of pleading a cause of action, to identify the individual employees of Advance who participated in the alleged conspiracy.

Affirmed and remanded for trial.

M. J. KELLY, P.J., concurred but wrote separately to point out that, although Michigan is primarily concerned with notice, it is generally known as a fact-pleading jurisdiction.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon which relief may be granted tests only the legal sufficiency of the claim as determined from the pleadings along; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn therefrom, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. CONSPIRACY — ACTS OF CO-CONSPIRATORS.

A conspirator is liable for all acts of his co-conspirators done in furtherance of the object of the conspiracy; thus, the act of any one conspirator is legally the act of the other.

3. MASTER AND SERVANT — SCOPE OF EMPLOYMENT.

An employer may not be held liable for the acts of his employees which are beyond the scope of their employment.

4. AGENCY — SCOPE OF AUTHORITY — EXISTENCE OF AGENCY RELATIONSHIP.

A principal may be held liable for the acts of his agent which, while not within the scope of his employment, are within the scope of his authority; further, the principal may be liable if the agent was aided in accomplishing a tort by the existence of the agency relationship.

5. CONSPIRACY — PLEADING — IDENTITY OF CONSPIRATORS.

   A pleading which alleges that a corporation was a part of a
   conspiracy is sufficient even though it does not name the
   individuals within the corporation who actually took part in
   the conspiracy; the identity of the individuals, and whether or
   not their actions were within the scope of their authority, are
   matters for proof at trial, not for pleading.

*Pevos & Pevos* (by *Raphael I. Pevos)*, for plaintiffs.

*Butzel, Keidan, Simon, Myers & Graham* (by *Gordon W. Didier* and *Dennis K. Egan)*, for defendant Advance Mortgage Corporation.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

SHEPHERD, J. Defendant-appellant Advance Mortgage Corporation appeals by leave granted from a May 10, 1982, circuit court order denying its motion for summary judgment under GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted. The case arose out of a conspiracy allegedly entered into between defendant Willie Joe Wheeler and employees of defendant Advance Mortgage Corporation to defraud the plaintiffs. The plaintiffs alleged that defendant Wheeler contracted to purchase their house and to apply for a mortgage with defendant Advance Mortgage Corporation. The employees of Advance allegedly falsified earnings and savings records in order to qualify defendant Wheeler for the mortgage. Shortly before the closing, and pursuant to the conspiratorial plan, defendant Wheeler demanded a renegotiation of the contract price, which plaintiffs refused to do. Wheeler failed to appear at the closing, thus resulting in damages to the plaintiffs.

The issue to be decided on appeal is whether the plaintiffs' first amended complaint was sufficiently drafted to avoid a summary judgment for failure to state a claim upon which relief can be granted. The more relevant portions of the complaint set forth the following allegations:

"13. That the representations made by defendant Wheeler were made falsely, and solely with the purpose of inducing plaintiffs to enter into a binding agreement whereby they would be precluded from selling their home to others, and with the deliberate and purposeful intent to attempt to renegotiate the down payment at the last minute.

"14. Plaintiffs are informed and have reason to believe that certain employees of defendant Advance Mortgage Corporation aided, abetted, assisted and conspired with defendant Wheeler to falsify financial and earnings data in order that defendant Wheeler would qualify for mortgage approval from defendant Advance Mortgage Corporation.

"15. That if not for the aforesaid unlawful and fraudulent conspiracy, defendant Wheeler would not have been approved for the mortgage applied for.

"16. That defendants acted purposefully and maliciously in their scheme to defraud plaintiffs, without regard to the consequences to plaintiffs."

The trial judge denied the motion for summary judgment on the grounds that the complaint did state a cause of action, in light of the fact that Michigan is a notice-pleading state.

A motion for summary judgment brought under GCR 1963, 117.2(1) merely tests the legal sufficiency of the claim as determined from the pleadings alone. *Karr v Board of Trustees of Michigan State University,* 119 Mich App 1; 325 NW2d 605 (1982); *Appollinari v Johnson,* 104 Mich App 673; 305 NW2d 565 (1981). The factual allegations of the complaint are taken as true, along with any

inferences or conclusions which may fairly be
drawn from the facts alleged. Unless the claim is
so clearly unenforceable as a matter of law that no
factual development can possibly justify a right to
recover, the motion should be denied. *May v Le-
neair,* 99 Mich App 209; 297 NW2d 882 (1980);
*Crowther v Ross Chemical & Manufacturing Co,* 42
Mich App 426; 202 NW2d 577 (1972).

At the outset, it is apparent that the trial court
utilized an improper standard in denying Ad-
vance's motion. When stating his reasons for deny-
ing the motion, the trial judge cited the fact that
Michigan is a notice-pleading state. However, the
motion for summary judgment was not based upon
a claim that the complaint failed to inform defen-
dant as to the nature of the cause it was called
upon to defend, to which a motion for a more
definite statement under GCR 1963, 115.1 would
be appropriate. Instead, the motion was grounded
upon a claim that the pleadings did not set forth
legal grounds upon which relief could be granted,
under GCR 1963, 117.2(1). Nevertheless, this Court
may apply the correct standard in testing the
validity of Advance's claim in order to determine
whether the trial court's error requires reversal.

The first argument presented by Advance is that
the complaint failed to allege reliance by the
plaintiffs upon the acts of Advance's employees. In
support of this argument, Advance contends that
the complaint establishes only that plaintiffs relied
upon the representations of defendant Wheeler.
The acts of Advance's employees, it is argued, did
not occur until after the agreement was entered
into, thus ruling out any reliance by plaintiffs
upon the actions of the employees of Advance.

Keeping in mind that a motion under GCR 1963,
117.2(1) may only be denied where, as a matter of

law, no factual development can possibly justify a right to recover, it appears that Advance's argument must fail for the following reason. The complaint clearly alleges reliance by the plaintiffs upon the acts of defendant Wheeler. It also clearly alleges a conspiracy between Wheeler and the employees of Advance.[1] It is an established rule of law that the act of any one conspirator is legally the act of the other, in that a conspirator is liable for all acts of his co-conspirators done in furtherance of the object of the conspiracy. *Solomon v United States*, 276 F2d 669 (CA 6, 1960), *cert den* 364 US 890; 81 S Ct 219; 5 L Ed 2d 186 (1960), *reh den* 364 US 939; 81 S Ct 376; 5 L Ed 2d 371 (1961). Thus, Advance's claim that the plaintiffs did not rely upon the acts of the employees, but upon those of defendant Wheeler, would not defeat plaintiffs' cause of action.

Advance's argument that the agreement was entered into before the fraudulent actions by the employees is also without merit. As stated above, a conspirator is liable for all the acts of his co-conspirators done in furtherance of the object of the conspiracy. Thus, as long as plaintiffs can prove at trial that the conspiracy was entered into prior to the time of the agreement between defendant Wheeler and the plaintiffs, a basis for liability will be established. In other words, the fraudulent acts of Wheeler will be imputed to his co-conspirators, the employees of Advance Mortgage Corporation. The fact that the employees did not fulfill their part of the conspiracy until after the agreement was entered into would in no way relieve them of liability.

---

[1] A conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose or a purpose not unlawful by criminal or unlawful means. *Fenestra Inc v Gulf American Land Corp*, 377 Mich 565; 141 NW2d 36 (1966).

Finally, contrary to the claims of Advance, the complaint does not allege that the conspiracy did not arise until after the agreement to purchase was entered into. Paragraph 14 of the complaint merely states that the conspiracy was entered into for the purpose of enabling defendant Wheeler to qualify for a mortgage. The time at which the conspiracy was entered into is not alleged and it is presumably a fact to be proven at trial. Utilizing the rule that "[t]he factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged", *May, supra,* p 213, it can be inferred from plaintiffs' complaint that the conspiracy is alleged to have existed prior to any contact between defendant Wheeler and the plaintiffs. The entire claim rests upon the theory that Wheeler entered into the agreement intending to dupe the plaintiffs into renegotiating the purchase price at the last minute. The only way this could be achieved was for Wheeler to qualify for a mortgage. Therefore, it can be inferred from the plaintiffs' theory of the case, as contained in the pleadings, that the conspiracy was allegedly entered into prior to any contact between Wheeler and the plaintiffs.

Advance next contends that the plaintiffs failed to allege a causal relationship between their damages and the conduct of Advance's employees. The argument is based upon the notion that the sole cause of the damage was defendant Wheeler's failure to appear at the closing. However, in making this argument, Advance takes an unrealistically simplistic view of the scheme alleged by the plaintiffs. Clearly, the immediate cause of the damage was the failure to sell the house to Wheeler as agreed. However, the damage also

resulted, although more indirectly, from the agreement to sell the house to Wheeler in the first place. Had the agreement never been reached, the plaintiffs quite likely would have found another buyer. Since the agreement was alleged to be an integral part of the conspiracy, the employees of Advance, as members of that conspiracy, are causally connected through their actions to the damage which resulted. It may be that at the time of trial it will be determined that there was no causal connection. Nonetheless, such a connection was sufficiently pleaded to overcome a motion for summary judgment under GCR 1963, 117.2(1).

Finally, Advance argues that no legal basis for holding it liable for the actions of its employees has been alleged. Specifically, Advance argues that the plaintiffs can recover only under a theory of *respondeat superior*, yet no allegation that the employees acted within the scope of their employment has been made. Advance also contends that, as a matter of law, it cannot be held liable for the acts of its employees since an employer is never liable for the intentional and reckless torts of its employees. The latter argument will be addressed first.

Advance correctly notes that in an employer-employee (master-servant) relationship, the employer may not be held liable for the acts of his employees which are beyond the scope of their employment. Intentional and reckless torts are generally held to be beyond the scope of employment. *Bradley v Stevens,* 329 Mich 556; 46 NW2d 382 (1951); *Watson v Aquinas College,* 83 Mich App 192; 268 NW2d 342 (1978), *lv den* 403 Mich 848 (1978). However, in the agency context, a principal may be held liable for the acts of his agent done not within the scope of his employment

but within the scope of his authority. *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976). The principal is liable if the agent was aided in accomplishing the tort by the existence of the agency relationship. 1 Restatement Agency, 2d, § 219(2)(d), p 481; *Bozarth v Harper Creek Bd of Ed,* 94 Mich App 351; 288 NW2d 424 (1979). Thus, it is clear that Advance's position is incorrect. If plaintiffs can prove at trial that the employees of Advance were aided in the accomplishment of this fraud by the existence of the agency relationship, a legal basis for relief will have been laid out. Advance's insistence that the purpose of the conspiracy was to defraud Advance Mortgage Corporation, and thus no liability can attach, is not legally supported. In fact, it has been noted that "[i]n many, perhaps in most, of the cases * * * the agent is defrauding his principal as well as the other party to the transaction". Seavey, Agency, § 92, p 165.

Plaintiffs allege that the employees of Advance "abetted, assisted and conspired with defendant Wheeler to falsify financial and earnings data in order that defendant Wheeler would qualify for mortgage approval from defendant Advance Mortgage Corporation". It is true, as Advance points out, that plaintiffs do not specifically state that the employees were acting within the scope of their employment (or within the scope of their authority pursuant to the argument above). However, utilizing the rule that the factual allegations of the complaint are to be taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, the following argument reasonably can be made. From plaintiffs' allegation that the employees of Advance conspired to falsify earnings and financial data in order to qualify defendant Wheeler for a mortgage,

it can be inferred that the jobs held by those employees involved matters relating to the acceptance and rejection of mortgage applications. Thus, the conspiracy alleged here would be within the scope of their authority, even though obviously done contrary to instructions from Advance, and, in fact, for the purpose of defrauding Advance. Thus, while the words "within the scope of their authority" were not used, facts have been alleged to show that the acts were indeed committed within the scope of such authority. Whether the evidence at trial will bear out this theory is not a concern under a motion for summary judgment pursuant to GCR 1963, 117.2(1).

The Supreme Court in *Jones v Martz & Meek Construction Co, Inc,* 362 Mich 451; 107 NW2d 802 (1961), held that it is sufficient to argue simply that a corporation was a part of the conspiracy without identifying the individuals within the organization who actually took part in the conspiracy. Obviously, in such a case, there would be no need to plead that the employees acted within the scope of their authority. As stated in *Jones,* "[t]he corporate veil need not be pierced merely to plead a cause of action". The identity of the employee, and whether or not his actions were within the scope of his authority, are matters for trial, not pleading. *Jones,* p 455.

We emphasize that we are making a distinction between those intentional torts which are clearly outside the scope of employment *(e.g., Watson v Aquinas College, supra,* where security guards deliberately set fire to buildings), and the instant case in which the employees of Advance participated in the issuance of a mortgage approval to defendant Wheeler and the issuance of mortgage approvals was precisely the nature of defendant's

business or the function for which the employees were hired. If the conspiracy is proved at trial, it arose out of the employment relationship between Advance and its employees.

Affirmed and remanded for trial. Costs to abide the final outcome.

HOOD, J., concurred.

· M. J. KELLY, P.J. *(concurring).* I concur in the result.

I note the majority refers uncritically to the trial judge's citation as fact "that Michigan is a notice-pleading state". I am of the impression that Michigan is a fact-pleading state and the federal courts are notice-pleading forums. See the author's comments to Rule 111, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 194-195, where it is stated that although Michigan is primarily concerned with notice it is generally known as a fact-pleading state.