# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA SUTTER,

        Plaintiff-Appellant,

v

THOMAS BRENNAN FRASER and THOMAS
BRENNAN FRASER, PLLC,

        Defendants-Appellees,

CHARLES SUTTER, MICHELLE BERTUCCI,
and SELECT SPECIALTY HOSPITAL,

        Defendants.

UNPUBLISHED
December 16, 2014

No. 316915
Oakland Circuit Court
LC No. 12-130669-CZ

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an opinion and order granting defendants, Thomas Brennan Fraser's and Thomas Brennan Fraser, PLLC's, motion for summary disposition in this action for breach of fiduciary duty and negligence. On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition. We affirm.

This case arises from a guardianship matter in the Oakland Probate Court where Fraser, acting through Thomas Brennan Fraser PLLC, was appointed guardian over plaintiff's husband, Joseph Sutter. Plaintiff and Joseph were married for over 20 years and in February 2010, Joseph suffered a heart attack and was subsequently diagnosed with severe multi-vessel coronary disease. On February 26, 2010, Joseph underwent a five-vessel coronary bypass, and later contracted a severe infection. After the surgery, Joseph required life support. On July 28, 2010, Fraser was appointed as Joseph's temporary legal guardian, and his appointment as guardian was made permanent on August 25, 2010. Fraser was also appointed Joseph's conservator. After several months, Joseph died on February 1, 2011.

-1-

On November 21, 2012, plaintiff filed a complaint against defendants for breach of fiduciary duty and gross negligence.[1] Plaintiff alleged that Fraser, in his capacity as Joseph's guardian and conservator, owed her a fiduciary duty and had breached that duty. Plaintiff claimed that Fraser declined to take advantage of Veteran Affairs (VA) benefits for Joseph, incurring costs of approximately $600,000 against Joseph and plaintiff; removed Joseph's life support without a court order; terminated life support without consulting plaintiff; refused to allow plaintiff to visit Joseph; and obstructed and interfered with plaintiff's visits when plaintiff was permitted to visit Joseph. On December 14, 2012, defendants filed a motion for summary disposition and argued that plaintiff lacked standing. On February 27, 2013, the trial court granted defendants' motion, finding that plaintiff lacked standing to proceed in her claims against defendants.

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(5) because Fraser, as guardian and conservator for Joseph, owed a fiduciary duty to plaintiff as Joseph's spouse and heir. We disagree.

We review de novo the legal question of whether a party has standing and the trial court's determination on a motion for summary disposition. *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 493; 815 NW2d 132 (2012). "In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Id.*

MCR 2.201(B) provides that, generally, "[a]n action must be prosecuted in the name of the real party in interest." Generally, "the standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 355; 729 NW2d 686 (2010) (internal quotation makes and citation omitted). Plaintiff argues that Fraser, as Joseph's conservator and guardian, owed her a fiduciary duty as Joseph's spouse and heir. We do not agree that Fraser owed plaintiff a fiduciary duty pursuant to his role as Joseph's guardian and conservator. Fraser owed a duty to his ward, Joseph, a protected individual. Plaintiff, Joseph's spouse, was owed no fiduciary duty.

Fraser was a public administrator appointed as guardian and conservator. MCL 700.1104(e) provides that a guardian and conservator is a fiduciary. As such, Fraser was a fiduciary. However, plaintiff is not correct in her assertion that a fiduciary generally owes a duty to any and all interested persons,[2] and can be subject to claims from all interested persons. To support her claim, plaintiff relies on MCL 700.1212(1). MCL 700.1212(1) defines a fiduciary: "[a] fiduciary stands in a position of confidence and trust with respect to each heir, devisee, beneficiary, protected individual, *or* ward for whom the person is a fiduciary." (Emphasis

---

[1] Plaintiff's complaint included six counts total; only the counts against defendants are at issue on appeal.

[2] " 'Interested person' or 'person interested in an estate' includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual . . . ." MCL 700.1105(c).

added.)  Plaintiff interprets MCL 700.1212(1) as meaning that a fiduciary owes a relationship to each heir, protected individual, *and* ward. This is not correct.  The statute does not create a duty, it merely defines a fiduciary relationship as it may relate to any one of the listed persons.  Similarly, MCL 700.1308(1) states that "violation by a fiduciary of a duty the fiduciary owes to an heir, devisee, beneficiary, protected individual, *or* ward for whom the person is a fiduciary is a breach of duty." (Emphasis added.)  Plaintiff, once again, interprets this to mean that violation of a fiduciary duty to any of the listed persons constitutes a breach of duty by any fiduciary; however, the statute states "or," and is not intended to create a duty from a fiduciary to all of the listed persons.

Plaintiff seems to misunderstand and misinterpret Michigan law on this issue.  Plaintiff, in the lower court and on appeal, placed little emphasis on Fraser's role as a guardian and conservator, as opposed to a personal representative.  Plaintiff argued that either role established that defendant was a fiduciary to plaintiff.  However, the specific role to which Fraser was assigned is critically important in determining what duty Fraser owed and to whom Fraser owed a duty.  A personal representative is responsible for different duties and to different parties than a guardian or conservator.  MCL 700.5314 defines the powers and duties of a guardian.  A guardian is responsible for the "*ward's* care, custody, and control . . . ." (Emphasis added.)[3] Nothing in the statute provides any kind of fiduciary duty by the guardian to an heir, spouse, or other interested person.  In contrast, MCL 700.3701 through MCL 700.3722 details the duties of a personal representative.  The duties of a guardian are distinct from a personal representative.  Plaintiff refuses to acknowledge this distinction, and insists that all fiduciaries owe a duty to all interested persons, which is simply not correct.

In addition, we agree with defendants and the trial court that *Appollinari v Johnson*, 104 Mich App 673; 305 NW2d 565 (1981) supports a holding that plaintiff lacks standing.  In *Appollinari*, this Court considered a lawsuit brought by the plaintiff beneficiary.  *Id.* at 674.  The plaintiff beneficiary claimed that the defendant trustee had fraudulently obtained possession of money held in trust for the plaintiff beneficiary.  *Id.*  The Court held, "the beneficiary of a trust may not maintain an action at law against third persons where the trustee is entitled to do so. However, where the trustee improperly refuses or neglects to bring suit, the beneficiary may sue in equity."  *Id*. at 675-676 (citations omitted).  The Court concluded that the plaintiff beneficiary's claim failed for lack of standing, and further opined that if the defendant trustee was incapable of taking action, "the proper plaintiff would have been a guardian appointed to act on her behalf."  *Id*. at 676.  *Appollinari* correctly stands for the proposition that not every interested person or beneficiary in a matter has standing to bring a claim.  As the Court explained, the trustee was the proper person to bring a claim, not the beneficiary, who was simply an interested person.  *Id*. at 675-676.  By analogy, in this case, only a personal representative for Joseph's estate could bring a claim against defendant on behalf of Joseph for breach of fiduciary duty.  See MCL 700.3703(3).  Heirs to the estate, who are interested persons generally, are not the proper party to bring a claim.  MCL 700.1105(c); see *Appollinari*, 104 Mich App at 675-676.  If plaintiff wanted to bring a claim against defendants for breach of

---

[3] " 'Ward' means an individual for whom a guardian is appointed."  MCL 700.1108(a).

fiduciary duty to Joseph, she would have needed to open an estate and appoint a personal representative, which she did not. Plaintiff also attempts to argue that because Fraser improperly refused or neglected to bring a lawsuit, a beneficiary can sue. *Appollinari*, 104 Mich App at 675-676. This argument is absolutely incorrect because Fraser, as plaintiff is aware, is not the personal representative of Joseph's estate, and would not have standing to bring such a claim. Therefore, he has not and cannot refuse or neglect to bring a lawsuit.

Plaintiff relies on S*hoaff v Woods (In re Baldwin Trust)*, 274 Mich App 387; 733 NW2d 419 (2007) to support her position. This Court held that a personal representative did not owe a fiduciary duty to a creditor of the estate. *Id.* at 401. The personal representative owed a fiduciary only to the decedent's heirs. *Id.* Plaintiff argues unsuccessfully that because a personal representative owes a decedent's heirs a duty, a guardian or conservator also owes a decedent's heirs a duty. This disregards the law on this matter and generalizes the narrow holding made by the *In re Baldwin Trust* Court. A personal representative is not synonymous with guardian and conservator. The trial court correctly found that *In re Baldwin Trust* is distinguishable from the current case.

We further hold that plaintiff does not have standing to assert a claim on behalf of Joseph pursuant to MCL 700.3703(3), which provides that "a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death." Because plaintiff is not Joseph's personal representative, she lacks standing to sue on his behalf. See also MCR 2.201(B)(1).[4]

In her brief on appeal, Plaintiff claims that MCL 700.1308(2) "gives an 'interested person' standing to challenge a breach of fiduciary duty." MCL 700.1308(2) states, "In response to an interested person's petition or on its own motion, the court may at any time order a fiduciary of an estate under its jurisdiction to file an accounting. After due hearing on the accounting, the court shall enter an order that agrees with the law and the facts of the case." This statute expressly states that an interested person may request an accounting from the court. It does not, in any way, suggest that an interested person has general standing against a defendant for breach of fiduciary duty.[5]

---

[4] Defendants argue and the trial court found that MCL 600.2922 also provides guidance on this issue. MCL 600.2922 states that a personal representative is the only individual who has capacity to assert a claim in instances of wrongful death. While we recognize, as plaintiff argues, that plaintiff did not bring a claim for wrongful death, we hold that MCL 600.2922, by analogy, further supports the proposition that plaintiff, who is not a personal representative, does not have standing to bring a claim on Joseph's behalf.

[5] We further note that while plaintiff, as an interested person, may have had the ability to request an accounting, surcharge, or indemnification of a conservator, she did not do so. See MCL 700.5430, MCL 700.5415, MCL 700.1308(2). Ability to request such actions from a conservator does not, by itself, show that a conservator owes a fiduciary duty to all interested persons, despite plaintiff's claims.

Defendants request that sanctions should be awarded for legal expenses incurred by defendants because plaintiff's claim is frivolous and meritless. Pursuant to MCR 7.216:

> The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal . . . .

We do not agree that sanctions are warranted pursuant to MCR 7.216 because there is no indication that plaintiff appeals for purposes of delay, or that plaintiff was without any reasonable basis for belief that there was a meritorious issue to be determined. While we hold that plaintiff's claim has not prevailed, we do not agree that plaintiff's claim was so frivolous to justify sanctions.[6]

Affirmed. Defendants, the prevailing parties, may tax costs. MCR 7.219.

/s/ Pat M. Donofrio
/s/ Karen M. Fort Hood
/s/ Douglas B. Shapiro

---

[6] Defendants also argue that, in the alternative, this case could be affirmed because plaintiff lacked subject matter jurisdiction, which is vested solely with the probate court, and because summary disposition was proper pursuant to MCR 2.116(C)(6) and MCR 2.116(C)(7). Because we conclude that plaintiff lacked standing to bring this action pursuant to MCR 2.116(C)(5), we need not address defendants' additional arguments.

-5-