GAZLEY *v.* KOEPKE.

DEEDS—BOUNDARIES—LAND DEEDED—VACATED ALLEY—STATUTES.

Under section 3355, 1 Comp. Laws 1915, providing that, upon the vacation of a street or alley, the same shall be attached to the lot or ground included in a plat and bordering on such street or alley, where an alley was vacated the land in such alley to the center of it became attached to an adjoining lot, and upon the sale of a specified number of feet off the part of the lot abutting on such alley, measurement must be made from the center of the alley.

Error to Genesee; Stevens, J.   Submitted January
8, 1917.   (Docket No. 51.)   Decided March 30, 1917.

Ejectment by Frances E. Gazley against Arthur C.
Koepke and Lula L. Koepke to determine the owner-
ship of certain real property, before the court without
a jury.   Judgment for plaintiff.   Defendants bring
error.   Affirmed.

*Brennan, Cook & Gundry,* for appellants.

*Clinton Roberts,* for appellee.

BROOKE, J.   This is an action of ejectment brought
to determine the ownership of 16½ feet of land, being
a part of lot 1, block 17, of the village of Flint.

It appears that the plat of the village of Flint was
recorded on July 15, 1836.   As shown upon said plat,
lot 1 of block 17 is located at the southwest corner of
Saginaw street and Sixth street.   It is 66 feet wide
fronting on Saginaw street, running westerly on Sixth
street a distance of 148.5 feet.   According to the plat,
there is an alley 33 feet wide west of and adjoining
said lot.   It further appears that on the 16th day of
September, 1856, an order was made vacating this
alley, and that the decree of the circuit court by vir-
tue of which said vacation was effected was recorded
in the office of the register of deeds on June 18, 1867.
At the time said alley was vacated the title to lot 1
was vested in one person.   On July 3, 1904, Margaret
Gazley, having become through *mesne* conveyances the
sole owner of all of lot 1, conveyed to Harley P. Gaz-
ley the west 90 feet of lot 1.   On October 19, 1908,
Harley P. Gazley and wife conveyed the same to Wil-
liam H. Pier and wife.   On July 20, 1915, William H.
Pier and wife conveyed the same to the defendants in
this case.   In all these three last mentioned convey-
ances the land conveyed is described as the west 90 feet
of lot 1, block 17, of the village of Flint.   The question

for determination is whether the west 90 feet of lot 1 commences in the center of the vacated alley or upon the westerly line of lot 1 as originally platted.

It is the claim of plaintiff that the westerly line of the property conveyed by these three deeds is the center of the alley, and that the conveyances cover only the westerly 73½ feet of lot 1 as shown on the original plat. The defendants contend that they are entitled to measure their 90 feet easterly from the westerly line of lot 1 as originally platted, and that they are entitled, in addition to the 90 feet so defined, to the 16½ feet of the vacated alley lying immediately west therefrom. Section 2522, 2 How. Stat. (2d Ed.) (1 Comp. Laws 1915, § 3355), provides that upon the vacation of a street or alley "the same shall be attached to the lot or ground included in such plat and bordering on such street or alley." It was conceded in the court below that the statutory provisions relative to the vacation of streets and alleys were the same in 1856 as they are at the present time so far as they can be said to affect the case at bar.

The learned circuit judge held with the contention of the plaintiff, and with this determination we agree. It seems very clear that, when the vacation proceedings were consummated, the easterly 16½ feet of the alley by force of the statute became immediately attached to lot 1, and that from that moment the westerly line of lot 1 was the center of the alley 16½ feet west of the original westerly line of the lot as shown upon the recorded plat. The record contains evidence tending to show that after the west 90 feet of lot 1 was sold in 1904 the plaintiff continued to occupy the easterly balance of lot 1 up to a point within 90 feet of the center of the alley. There is likewise evidence tending very strongly to establish the fact that defendants understood the description of the land purchased by them to commence at the center of the alley

and to run 90 feet easterly from that point; for after their purchase in 1915 they commenced the erection of a building on said 90 feet, placing the easterly wall approximately 90 feet from the middle of the vacated alley. Later, however, they apparently became convinced that they were entitled to 16½ feet more, and attempted to change the location of their easterly wall, whereupon the plaintiff brought this suit in ejectment. Counsel for defendants and appellants say:

"If I purchase the west 90 feet of a lot, I purchase it with reference to the recorded plat by which that lot is described or designated. The plat is the only thing of record which would apprise me of what I am purchasing, and my west boundary line for the purpose of measuring the west 90 feet of the lot would be the east boundary line of the vacated alley, or the west boundary line of the lot according to the recorded plat."

In making this statement counsel evidently overlooked the fact that the proceeding to vacate the alley was had in a court of record, and that the decree providing for the vacation had been of record in the office of the register of deeds for nearly 50 years. The decree of the court, taken in conjunction with the provisions of the statute, should have made it plain to the defendants that the westerly boundary line of lot 1 had been moved from its position on the recorded plat to a point 16½ feet west thereof, in the center of the vacated alley.

We have examined the authorities cited by counsel for the defendants, but find nothing in them which in our opinion casts any doubt upon the correctness of this conclusion.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.