VALOPPI v. DETROIT ENGINEERING & MACHINE COMPANY.

1. HIGHWAYS AND STREETS—VACATION OF STREET—TITLE TO LAND. Title to land in a street or alley in a plat reverts to the abutting owner or owners upon vacation of the thoroughfare.

2. SAME—VACATION OF ALLEY—TITLE TO CENTER OF VACATED TRACT. Title to land contained in alley between lots of a platted subdivision all owned by the same owner reverted to the owner upon vacation of the alley, thereby extending the boundaries of the adjoining lots to the center of the alley vacated.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur, Highways § 128.
Reversion of title upon abandonment or vacation of public street or highway. 18 ALR 1008, 70 ALR 564.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 13, 1954. (Docket No. 74, Calendar No. 46,006.) Denied June 7, 1954. Rehearing denied September 8, 1954.

Bill by Louis Valoppi and Regina Valoppi against Detroit Engineering & Machine Company, a Michigan corporation, and City of Detroit, a municipal corporation, to compel establishment of public alley and restrain encroachment. Bill dismissed. Plaintiffs appeal. Affirmed.

*George Kratchman* (*Harry M. Nayer,* of counsel), for plaintiffs.

*Watson, Lott & Wunsch,* for defendant company.

*Paul T. Dwyer,* Corporation Counsel, and *Robert Reese,* Assistant Corporation Counsel, for defendant City of Detroit.

Kelly, J. This is an appeal from a decree of the Wayne circuit court dismissing appellants' bill of complaint and denying their request that the city of Detroit be compelled to establish a public alley and that the Detroit Engineering & Machine Company (hereinafter referred to as the defendant company) remove obstructions placed thereon.

Appellants own part of lot 8 and all of lots 9 and 10 of McMaster's subdivision, and on these premises they operate a truck repair shop. Lots 11 and 12 of McMaster's subdivision adjoin appellants' property on the north, and are owned by defendant corporation. Lots 36, 37, 38, 39 and 40 of Edgar Place subdivision adjoin appellants' property on the east, and are also owned by the defendant corporation. Defendant corporation operates an engineering and manufacturing plant on these premises.

There is no dispute in regard to the ownership or size of the lots in McMaster's subdivision. Appellants contend, however, that lots 36 to 40, inclusive, of Edgar Place subdivision, owned by defendant corporation, are limited in size as platted to 110 feet in depth and that said lots do not include any part of parcel A, as shown on the plat. Parcel A is a strip of land 17 feet in width, running in an easterly and westerly direction, and was dedicated as a public alley at the time the plat of the Edgar Place subdivision was recorded in 1891. The plat establishes the north line of parcel A as also being the south line of said lots 36 to 40, inclusive.

Prior to 1904 the Detroit, Monroe & Toledo Shoreline Railroad owned the property on both sides of parcel A. On petition of said company the alley was vacated by a decree of the Wayne circuit court on August 26, 1904.

Lots 36 to 40, inclusive, were conveyed by lot numbers in February, 1928, by a special master's deed to Eastern Michigan Toledo Railroad Company, and no reference was made therein to alleys. In 1936 the receiver of the railroad company deeded said lots to the city of Detroit. The conveyance was by lot numbers and no reference was contained therein to the vacated alley, parcel A.

Previous to May, 1950, defendant corporation became the owner of said lots 36 to 40, inclusive, of Edgar Place subdivision. On May 23, 1950, the Detroit common council, by resolution, created an alley 20 feet wide which included the 17 feet of parcel A and the northerly 3 feet of lot 35 of Edgar Place subdivision. Lot 35 was owned by the city, and as platted the northerly line of said lot coincided with the southerly line of parcel A.

On September 24, 1951, corporation counsel advised the Detroit common council that by its action of May 23, 1950, it took "8-1/2 feet of land away

from the petitioner (defendant corporation) without due process of law;" and, on September 25, 1951, the common council rescinded its resolution of May 23, 1950.

Appellants claim that defendant corporation did not acquire any interest in any portion of parcel A; that the council's resolution of May 23, 1950, was proper; that the council's resolution of September 25, 1951, was *ultra vires* and null and void; and that parcel A, plus the northerly 3 feet of lot 35, now constitutes an existing public alley.

CL 1948, § 560.65 (Stat Ann 1953 Rev § 26.495), which is practically identical with a portion of the statute (CL 1915, § 3355) in effect when parcel A was vacated in 1904, provides for the vesting of vacated portions of a plat in circuit court proceedings, and reads as follows:

"The part vacated, if it be a lot, shall vest in the rightful proprietor; and if the same be a street or alley the same shall be attached to the lot or ground included in such plat and bordering on such street or alley; and in case the land included in the plat on opposite sides of such street or alley, shall be owned by different proprietors, then the title of the street or alley shall vest in the proprietor owning the property on each side thereof to the center of the street or alley, except when a part of 1 or both sides of a street or alley shall be vacated, then the part vacated shall be attached to and the title thereof vest in the proprietor of the lot included in the plat adjoining the same."

"It is elementary that upon the vacation of a street or alley the land reverts to the abutting owner or owners." *Michigan Central Railway Co.* v. *Miller,* 172 Mich 201, 208.

"Upon the vacation of a street or alley the title reverts to the abutting owners." *Edison Illuminating Co.* v. *Misch,* 200 Mich 114.

Appellants contend that the statute makes no provision for the expansion of the adjoining lots where the entire alley is vacated and the lots adjoining on either side are held by the same owner; that, therefore, in 1904 when the alley was vacated the ownership vested in the Detroit, Monroe & Toledo Shoreline Railroad, but that "such ownership was vested in the railroad company as a separate parcel and not as an enlargement of any of its lots." We do not agree with appellants' construction of the statute. In our opinion the legislative intent was to prevent the creation of odd strips of land when alleys are vacated.

Under the statute the 1904 decree vacating the alley (parcel A) extended the south boundary of lots 36 to 40, inclusive, of Edgar Place subdivision, 8-1/2 feet. This extension was as effectively consummated by said decree as it would have been if the plat of the Edgar Place subdivision had been replatted and the south line of said lots 36, 37, 38, 39 and 40 established as 118-1/2 feet south of the Summit street line instead of 110 feet as originally platted. *Gazley* v. *Koepke,* 195 Mich 509, supports this conclusion.

Since 1904 all conveyances of said lots 36 to 40, inclusive, including the conveyances to defendant corporation, were by lot numbers without reservations. The fact that defendant corporation's grantor was the city of Detroit did not diminish the size of these lots from 118-1/2 feet to the originally platted 110 feet as existed before the alley (parcel A) was vacated.

The city of Detroit had not re-established the alley previous to conveying said lots, and the corporation counsel correctly advised the common council that its action of May 23, 1950, "would, in effect, take 8-1/2 feet of land away from the petitioner (defendant corporation) without due process of law."

The decree of the lower court is affirmed.   Costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.