## KADER *v.* CITY OF CLAWSON.

1. MUNICIPAL CORPORATIONS—ALLEYS—VACATION OF ALLEYS.
    Courts may not review the action of a city council determining the necessity of vacating an alley or street in the absence of clear abuse of discretion or fraud.

2. SAME—VACATION OF ALLEYS OR STREETS—LEGISLATIVE AUTHORITY.
    Ordinarily, the power of municipal corporations to vacate an alley or street is full and complete, constituting the proper municipal authorities the sole judges as to when street shall be open and closed by due observance of all applicable legal provisions, and the propriety or wisdom of such a delegation of legislative power, as well as its exercise in particular cases by municipal authorities, are legislative questions not ordinarily subject to review.

3. SAME—LEGISLATIVE AUTHORITY—VACATION OF ALLEYS OR STREETS.
    Dismissal of plaintiff's complaint seeking to permanently enjoin defendant city from vacating an alley, following trial on the merits, *held,* proper, since fraud, abuse of discretion, or collusion are the only grounds for objecting to a properly noticed proceeding for vacation of an alley, and such grounds were neither pleaded nor proven by plaintiffs.

4. COSTS—PUBLIC QUESTION—VACATION OF ALLEY.
    No costs are allowed on appeal in action to enjoin city from vacating an alley, a public question being involved.

Appeal from Oakland; Beer (William John), J. Submitted Division 2 April 7, 1967, at Detroit. (Docket No. 2,270.)   Decided July 10, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 25 Am Jur, Highways § 120.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Complaint by Robert E. Kader, Eileen Kader, H. Paul Templeton, and Frieda Templeton against the City of Clawson, a municipal corporation, and Laverne Anderson, its mayor, for injunction permanently restraining the city of Clawson from vacating an alley. Defendants' motion to dismiss, following trial, was granted. Plaintiffs appeal. Affirmed.

*Frederick J. Plotts,* for plaintiffs.

*Hartman, Beier, Howlett & McConnell,* for defendants.

FITZGERALD, J. Plaintiffs filed a complaint in the circuit court for the county of Oakland seeking an injunction to restrain defendant city of Clawson from vacating an alley. They alleged in their complaint that the alley was being vacated for private rather than public interests, that if it were vacated they would be deprived of the use thereof, and further stated that if the alley were vacated, the city would sell the property to private interests.

A temporary injunction was issued restraining defendants from vacating the alley and, following trial, the matter was adjourned with an open date in the hope that the matter could be resolved. When such efforts proved unfruitful, counsel for defendants filed a motion to dismiss, which was granted. Plaintiffs now appeal.

Appellant-plaintiffs state the question before this Court in the following words:

"Can a municipality order the vacation of an alley, which has been dedicated to the public on the plat for the purpose of private interest and in which the city or municipality does not benefit in any way and where adjoining lot owners would

be deprived of the use of same, if it is ordered vacated?"

Appellee-defendants restate the question in this form:

"May a court enjoin a legislative act, such as the vacation of a public alley, without a showing of fraud, collusion or clear abuse of discretion?"

It is the second statement of this question by appellees that more nearly approximates the nub of this controversy, particularly in view of the fact that the allegations set forth by plaintiffs in their complaint are not supported by the record. It is this lack of a cause of action, either alleged or proved, that leads us to the conclusion that the trial court acted properly in the disposition of this cause.

The matter of enjoining a municipal authority from vacation of certain streets and alleys is settled in the case of *Tomazewski* v. *Palmer Bee Co.* (1923), 223 Mich 565, wherein the Court stated that such matters are for legislative determination. The holding there is summed up by the pronouncement, "In the absence of clear abuse of discretion or fraud the courts may not review the action of the city council determining the necessity of vacating streets." Accord, *Board of Education of Fordson School District of City of Dearborn* v. *City of Dearborn* (1931), 253 Mich 439.

The general rule in this matter is set forth in McQuillin, Municipal Corporations, § 30.185, wherein it is stated:

"Ordinarily such power is full and complete constituting the proper municipal authorities the sole judges as to when streets shall be opened and closed by due observance of all applicable legal provisions. The propriety or wisdom of such a delegation of

legislative power, as well as its exercise in particular cases by municipal authorities, are legislative questions not ordinarily subject to review."

Michigan cases cited to support this general proposition include *Board of Education* v. *Dearborn, supra,* and *Roberts* v. *City of Detroit* (1927), 241 Mich 71. Fraud, abuse of discretion or collusion being the grounds for objection to a properly noticed proceeding for vacation of an alley, and such grounds being neither pleaded nor proven here, the judgment of the trial court in dismissing the cause was correct.

Affirmed. No costs, a public question being involved.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.