ROSS PROPERTIES v SHENG

Docket No. 84887. Submitted March 18, 1986, at Lansing. Decided May 19, 1986.

Plaintiff, Ross Properties, a Michigan copartnership, brought suit in the Livingston Circuit Court against defendants, Luke H. C. Sheng and Stella K. C. Wang, also known as Stella K. C. Sheng, alleging that a fence constructed and owned by defendants encroached on plaintiff's real property. Plaintiff sought an injunction requiring defendants to remove the fence and an award of money damages. Following a bench trial, the trial court, Stanley J. Latreille, J., found that defendants' fence did encroach on plaintiff's property, ordered defendants to remove the fence at their own expense, and found that plaintiff had not suffered any monetary damages as a result of defendants' encroachment. Defendants appeal. *Held:*

1. The property doctrine of merger of estates only applies to future interests in a single parcel of land, not to present interests in two separate parcels of land.

2. There is no reason to hold that, under the facts of this case, Brighton Shopping Plaza, Inc., which previously held property interests in both plaintiff's and defendants' parcels of land, could not sever a portion of its equitable title interest in defendants' parcel, which it held under a land contract, and transfer it with plaintiff's parcel. Plaza clearly demonstrated its intent to transfer its equitable title interest in the disputed property to plaintiff. Plaza had the right to transfer its equitable title interest in defendants' parcel as a conveyance of land, thus, Plaza could transfer its equitable title interest, and eventual legal title interest, under the land contract in the disputed thirty-three-foot-wide eastern half of George Street, a vacated street, to plaintiff.

3. The trial court did not err in finding that the reference to "part" of George Street contained in defendants' deed did not

REFERENCES

Am Jur 2d, Estates §§ 374-382.
Termination of trust where life interest and remainder or reversion are acquired by same person. 50 ALR2d 1161.

show that Plaza intended to transfer the disputed thirty-three-foot strip with defendants' parcel.

Affirmed.

1. PROPERTY — MERGER OF ESTATES.

The property doctrine of "merger of estates" only applies to future interests in a single parcel of land, not to present interests in two separate parcels of land.

2. VENDOR AND PURCHASER — LAND CONTRACTS — EQUITABLE TITLE — LEGAL TITLE.

A vendee under a land contract receives only equitable title to the land while the vendor retains legal title as security for the payment of the purchase price.

3. VENDOR AND PURCHASER — LAND CONTRACTS — EQUITABLE TITLE — TRANSFER OF INTEREST.

A vendee under a land contract may assign or transfer his equitable title interest; the transfer of the vendee's interest may be in the form of a conveyance of land.

4. PROPERTY — DEEDS — JUDICIAL CONSTRUCTION.

A court which is called upon to resolve an ambiguity which exists in a deed is to determine the parties' intent in light of the circumstances existing at the time of the instrument's execution.

*Friedman & Friedman, P.C.* (by *Robert Friedman*), for plaintiff.

*Carl J. Schoemer,* for defendants.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and L. F. SIMMONS, JR.,* JJ.

BEASLEY, P.J. Plaintiff, Ross Properties, a Michigan copartnership, brought suit against defendants, Luke H. C. Sheng and Stella K. C. Wang, alleging that a cyclone fence constructed and owned by defendants encroached on plaintiff's real property. Plaintiff sought an injunction requiring defendants to remove the fence and an award of money damages. Following a bench trial, the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judge found that defendants' fence did encroach on plaintiff's property and entered a judgment ordering defendants to remove the fence at their own expense. The trial judge also set out his finding that plaintiff had not suffered any monetary damages as a result of defendants' encroachment. Defendants appeal as of right.

The parties have stipulated to the essential facts surrounding plaintiff's claim in this case. The controversy concerns the ownership of a thirty-three-foot-wide strip of land located between the land undisputedly owned by plaintiff and the land undisputedly owned by defendants. Defendants' fence lies approximately 11.5 feet inside the disputed thirty-three-foot strip from the boundary of the land undisputedly owned by defendants. The fence runs for a length of 558 feet in the disputed thirty-three-foot strip.

A proper resolution of the controversy concerning the thirty-three-foot strip requires an understanding of the chains of title and predecessors' interests in both plaintiff's parcel of land and defendant's parcel of land. Both parcels were included in a subdivision plat recorded in 1868. The plat reserved a sixty-six-foot-wide area for a street named George Street. The eastern half of George Street, which abuts defendants' land, is the thirty-three-foot-wide strip which is the subject of the present controversy.

Since 1921, the legal description of plaintiff's present parcel of land has included all of George Street, including the now disputed thirty-three-foot-wide strip. Since 1927, the legal description of defendants' parcel of land has defined the western boundary as the point where George Street begins, excluding the now disputed thirty-three-foot-wide strip. The City of Brighton vacated George Street in 1935, at which time the two parcels were owned by separate parties.

Subsequent to the recording of the resolution to vacate George Street in 1940, the parties' predecessors in interest transferred the parcels by lot numbers as included in the 1868 plat and by the legal metes and bounds descriptions discussed above. These transfers did not make any specific reference to the George Street strip.

The relevant chain of title in plaintiff's parcel is rather straightforward. In 1959, plaintiff's parcel was owned by a group of four individuals. On October 30, 1959, this group transferred the land to Brighton Shopping Plaza, Inc., by quitclaim deed. Plaza transferred the land to plaintiff by two warranty deeds executed on February 3 and 21, 1961, and plaintiff constructed a shopping mall on the property in 1962, which mall currently operates on plaintiff's parcel.

The chain of title in defendants' parcel is more complicated. In 1960, defendants' parcel was owned by Clarence Seeling. On August 10, 1960, Clarence Seeling entered into a land contract with Plaza for the sale of the parcel. Sometime in 1962, Plaza assigned the land contract to a group of three individuals. On July 21, 1966, the group of three individuals entered into a second land contract to sell their equitable interest in the parcel to defendants. This second land contract referred to the previous land contract between Seeling and Plaza. On August 17, 1967, after Plaza had paid off Seeling, a warranty deed was executed conveying legal title to the parcel to the group of three individuals. On February 27, 1968, the group of three individuals executed a warranty deed conveying legal title in the parcel to defendants. Subsequently, during a period from 1973 to 1975, defendants constructed a medical clinic on their parcel and erected the fence on the disputed strip of land.

Plaintiff, both at trial and on appeal, asserts three arguments to support its claim of ownership of the eastern half of the vacated George Street. Due to our decision in addressing plaintiff's first argument, we find it unnecessary to address plaintiff's other two arguments.

In its first argument, plaintiff asserts that Plaza, as of August 10, 1960, had acquired ownership over both parcels, which allowed it to subsequently divide the property as it wished and transfer parcels accordingly. Therefore, even if defendants' predecessors in interest owned the eastern half of George Street prior to Plaza's common ownership, pursuant to MCL 560.277a(2); MSA 26.430(227a)(2),[1] the subsequent transfers of the parcels by Plaza, as common owner, severed the eastern half of George Street from defendants' parcel. This is so, plaintiff argues, because the legal descriptions of both parcels in the transfers made by Plaza, as common owner, that are included in the parties' current deeds, included all of the sixty-six-foot-wide George Street strip in plaintiff's parcel and none in defendants' parcel.

Defendants on appeal meet plaintiff's argument by asserting that Plaza could not sever the thirty-three-foot strip from its parcel when it only had equitable title to the parcel at the time of its transfers of the parcels. Defendants first argue that allowing such a severance based on common ownership of the legal and equitable title in one parcel and only equitable title in an adjoining parcel violates the property doctrine of "merger of estates." This argument is without merit. The doctrine of "merger" only applies to future interests in a

---

[1] *Valoppi v Detroit Engineering & Machine Co,* 339 Mich 674; 64 NW2d 884 (1954).

single parcel of land, not to present interests in two separate parcels of Land.[2]

In addressing this issue, we first note that Plaza, as a vendee under a land contract, received only equitable title to defendants' parcel while vendor Seeling retained a legal title.[3] However, we also note that a vendee under a land contract may assign or transfer his equitable title interest. The transfer of the vendee's interest may be in the form of a conveyance of land.[4]

Since Plaza had the right to transfer its equitable title interest in defendants' parcel as a conveyance of land, we conclude that Plaza could transfer its equitable title interest, and eventual legal title interest, under the land contract in the thirty-three-foot-wide eastern half of George Street, to plaintiff. There is no reason to hold that Plaza could not sever a portion of its equitable title interest in defendants' parcel and transfer it with plaintiff's parcel. Plaza clearly demonstrated its intent to transfer its equitable title interest in the thirty-three-foot strip to plaintiff by including the entire George Street strip in the legal description of plaintiff's parcel. This intent was further demonstrated in its later transfer of defendants' parcel, which included a legal description of the parcel which excluded any portion of the George Street strip.

Defendants go on to argue that the conclusion that Plaza intended to transfer the thirty-three-foot strip to plaintiff is rebutted by an ambiguity in the legal description included in its warranty deed. Defendants' warranty deed, after setting out the spe-

[2] For an example of the proper application of the doctrine of "merger", see *Hartz v Hilsendegen,* 182 Mich 129, 139; 148 NW 433 (1914).

[3] *Pittsfield Twp v Saline,* 103 Mich App 99, 103; 302 NW2d 608 (1981).

[4] 77 Am Jur 2d, Vendor and Purchaser, § 387, p 533.

cific metes and bounds of defendants' parcel, states that defendants' parcel includes "parts of vacated Frank Street and George Street included in the plat." The trial judge resolved this ambiguity by finding that the "part" of vacated George Street defendants' deed description refers to is only the portion of George Street included in defendants' parcel that extended beyond the area where plaintiff's parcel abutted George Street.

Defendants assert that the trial judge erred in making this finding. We disagree. When an ambiguity exists in a deed, a court determines the parties' intent in light of the circumstances existing at the time of the instrument's execution.[5] Our review of the facts in this case leads us to conclude that the trial judge did not err in finding that the reference to "part" of George Street in defendants' deed did not show that Plaza intended to transfer the disputed thirty-three-foot strip with defendants' parcel. Under the circumstances existing at the time of the execution of defendants' deed, Plaza had already transferred the thirty-three-foot strip to plaintiff. The trial judge could, therefore, reasonably conclude that Plaza would not later attempt to transfer the thirty-three-foot strip which it then did not own as part of defendants' parcel.

Consequently, based on our above analysis, we find that the trial judge did not err in finding that the disputed thirty-three-foot strip of land was owned by plaintiff and that defendants' fence located in that strip encroached on plaintiff's property.

Affirmed.

---

[5] *Holda v Pittsburgh Forgings Co,* 325 Mich 682, 691; 39 NW2d 221 (1949).