DALTON TOWNSHIP v MUSKEGON COUNTY BOARD OF COUNTY
ROAD COMMISSIONERS

Docket No. 185811. Submitted November 20, 1996, at Grand Rapids. Decided April 18, 1997, at 9:15 A.M.

Dalton Township brought an action in the Muskegon Circuit Court against the Muskegon County Board of County Road Commissioners and Resource Recovery Corporation, seeking a declaration that the board exceeded its authority when it adopted a resolution to abandon and discontinue a section of a right of way located in the township and known as McMillan Road, which had bisected realty owned by Resource Recovery and had been part of the county road system. The court, Ronald H. Pannucci, J., granted summary disposition for the defendants and dismissed the action. The township appealed.

The Court of Appeals *held*:

1. The decision to vacate a highway is legislative in nature and should not be disturbed by courts absent fraud, collusion, or clear abuse of discretion. In this case, the board's determination that abandonment was in the best interest of the public is supported by the evidence considered by the board and there is no indication of fraud, collusion, or clear abuse of discretion.

2. MCL 224.18; MSA 9.118, which governs the authority of boards of county road commissioners to abandon county roads, does not specify who obtains title to abandoned roads. Under common law, a street or alley that is vacated reverts to the abutting landowner. Thus, in this case, title to the abandoned right of way reverted to Resource Recovery, not the township.

3. The board's failure to follow its own procedures for abandoning roads does not render its exercise of authority to abandon the right of way unreasonable or its decision to abandon an abuse of discretion.

Affirmed.

*Williams, Ruck, Hughes, Corwin & Sininger, LLP* (by *Douglas M. Hughes*), for Dalton Township.

*James J. Kobza,* for Muskegon County Board of County Road Commissioners.

*Lague, Newman & Irish, P.C.* (by *Eric R. Gielow*), for Resource Recovery Corporation.

Before: REILLY, P.J., and MACKENZIE and B. K. ZAHRA*, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

This case arises from defendant board of road commissioners' decision to abandon a section of a right of way known as McMillan Road. The part of the right of way at issue is located in plaintiff township and bisects a parcel of land belonging to defendant Resource Recovery Corporation.

Resource Recovery requested that defendant board abandon the McMillan Road right of way after the company obtained a permit from the Michigan Department of Natural Resources to construct a recycling facility and landfill on its property. The right of way had been adopted into the county road system pursuant to the McNitt act, MCL 247.1-247.13; MSA 9.141-9.153, repealed by 1951 PA 51, § 21, and consists of a one-half mile unimproved "two-track." Although it was once used for logging and for hauling hay, it is no longer in use and is now covered by brush and tree growth. The record indicates that plaintiff township was opposed to construction of the recycling and landfill facility. On July 5, 1994, the township

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adopted a resolution requesting that the right of way be opened and improved into a gravel road.

On September 12, 1994, the board held a special meeting and unanimously adopted a resolution to abandon the right of way on the basis of a determination that "the best interests of the public will be served by the absolute abandonment and discontinuance." This lawsuit followed, with the township alleging that the board exceeded its authority when it abandoned the right of way. As previously indicated, the trial court granted summary disposition in favor of defendants and dismissed the case.

By its express language, MCL 224.18; MSA 9.118 purports to govern both a board's authority to relinquish jurisdiction of a county road and its authority to abandon a county road. The statute provides in relevant part:

> The board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, *either* relinquish jurisdiction of *or* absolutely abandon and discontinue any county road, or any part thereof, by a resolution adopted by a majority vote. . . . *After proceedings to relinquish jurisdiction have been had,* the jurisdiction and control of such road, or part thereof, shall revert to the township or municipality within which the same is situated. . . . *After proceedings to absolutely abandon and discontinue have been had,* such road or part thereof shall cease to exist as a public highway. *Said board shall,* at the time of the passage of any resolution to absolutely abandon and discontinue any portion of any highway under its jurisdiction, *determine in said resolution that it is to the best interests of the public that said highway or portion thereof shall be absolutely abandoned* and discontinued. [Emphasis added.]

It should be noted, however, that the portion of MCL 224.18; MSA 9.118 governing the relinquishment of jurisdiction over county roads has been statutorily superseded by § 11 of the transfer of jurisdiction over highways act, MCL 247.861; MSA 9.393(41).

On appeal, plaintiff township contends that the board exceeded its authority in abandoning the McMillan Road right of way because it was inconsistent with the requirement of MCL 224.18; MSA 9.118 that the abandonment be in the best interests of the public. We disagree. The decision to vacate a highway is legislative in nature and should not be disturbed by courts absent fraud, collusion, or clear abuse of discretion. See *Kader v City of Clawson*, 7 Mich App 380, 382; 151 NW2d 844 (1967); *Forster v Pontiac*, 56 Mich App 415, 419; 224 NW2d 325 (1974). Here, before deciding to abandon the right of way, the board, reviewed a legal opinion, considered past uses of the right of way, considered the township's desire to improve the right of way to a gravel road, reviewed the position papers of Resource Recovery and the township, and allowed Resource Recovery and the township to make comments. The finding that the abandonment was in the best interests of the public is supported by the evidence before the board. In the absence of any indication of fraud, collusion, or clear abuse of discretion, we decline to reverse.

Plaintiff also argues that if the abandonment was within the authority of the board, then ownership of the abandoned right of way should revert to it rather than to Resource Recovery. Plaintiff's argument is based on the language of MCL 224.18; MSA 9.118 providing that, "[a]fter proceedings to relinquish jurisdiction have been had, the jurisdiction and control of

such road, or part thereof, shall revert to the township or municipality within which the same is situated," and *City of Lake Angelus v Oakland Co Rd Comm*, 194 Mich App 220; 486 NW2d 64 (1992). The flaw in this argument is that it fails to take into account the statute's distinction between proceedings to relinquish jurisdiction over a road and proceedings to abandon a road. The portion of MCL 224.18; MSA 9.118 relied on by plaintiff governs proceedings to relinquish jurisdiction of a county road to another public entity and thus does not apply in this case. Furthermore, as noted above, that portion of the statute has been superseded. MCL 247.861; MSA 9.393(41). Similarly, *Lake Angelus, supra*, involved a board of county road commissioners' relinquishment of jurisdiction over a county road, not proceedings to abandon a road, therefore does not apply in this case.

MCL 224.18; MSA 9.118 provides that "[a]fter proceedings to absolutely abandon and discontinue have been had, such road or part thereof shall cease to exist as a public highway." While the statute does not state who obtains title when there is an absolute abandonment of a road or right of way, under common law a street or alley that is vacated reverts to the abutting landowner. *Valoppi v Detroit Engineering & Machine Co*, 339 Mich 674; 64 NW2d 884 (1954). The right of way in this case therefore reverted to Resource Recovery rather than to plaintiff township.

Finally, we reject plaintiff's suggestion that the board's failure to comply with its own 1982 policy concerning abandonment of roadways voided its decision in this case. The record establishes that the "road abandonment policy" was published to set forth only one means of acting on a petition for abandon-

ment and that it was primarily intended to satisfy the requirements of title insurance companies. Despite the existence of the policy, the board reasonably exercised its authority pursuant to MCL 224.18; MSA 9.118 and did not abuse its discretion in deciding to abandon the section of the McMillan Road right of way bisecting Resource Recovery's property.

Affirmed. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.