684 N.W.2d 903 (2004)
262 Mich.App. 193
ACER PARADISE, INC., Plaintiff-Appellant,
v.
KALKASKA COUNTY ROAD COMMISSION and Township of Clearwater, Defendants-Appellees.
Docket No. 242389.
Court of Appeals of Michigan.
Submitted February 3, 2004, at Grand Rapids.
Decided May 27, 2004, at 9:05 a.m.
Released for Publication August 5, 2004.
*904 Sondee, Racine & Doren, PLC (by W. Peter Doren and Karrie A. Zeits), Traverse City, for the plaintiff.
Brandt, Fisher, Alward & Roy, P.C. (by Thomas R. Alward and Vicki P. Kundinger), Traverse City, for the Kalkaska County Road Commission.
Young, Graham & Elsenheimer, P.C. (by Peter R. Wendling), Bellaire, for Clearwater Township.
Before: MURRAY, P.J., and MURPHY and MARKEY, JJ.
PER CURIAM.
Plaintiff appeals as of right from the trial court's order granting defendants' motions for summary disposition. We affirm.

I. Material Facts and Proceedings
The issue in this case is whether jurisdiction over 0.26 miles of Glade Valley Road located in Kalkaska County, Clearwater Township, was properly transferred from the Kalkaska County Road Commission to Clearwater Township. The trial court set forth the material facts related to the main issue on appeal in a written opinion, and the parties do not dispute this factual rendition. Therefore, we adopt it as our own:
As an abutting landowner, plaintiff filed a petition on September 24, 1999, with the Kalkaska County Road Commission ("the Road Commission") seeking to have Glade Valley Road ("the Road") abandoned pursuant to MCL 224.18. At a hearing on October 13, 1999, the Road Commission granted the petition to abandon the .84 mile stretch of the Road that is north and east of the river. The minutes of the hearing reveal that the petition was not granted as to the entire 1.1 mile length of the Road because the Road Commission believed that they were required to offer the remaining .26 mile stretch to Defendant Clearwater Township ("the Township") and the [Michigan Department of Natural Resources]. This question resulted from language in MCL 224.18 that outlines special provisions for roads that cross the general course of a stream, which require that, before abandonment, a county must offer the portion of road to the township in which it is situated for purposes of access and ingress/egress to the stream. The Plaintiff then requested 60 days in which to discuss the matter with the Township.
There was some written correspondence between the Road Commission and the Township regarding the remaining .26 mile portion of Glade Valley Road. No formal action was taken, however, until the Township passed a resolution on April 18, 2000 in which it accepted jurisdiction over the .26 mile portion including the "Iron Bridge". The Road Commission then passed a resolution *905 dated April 26, 2000 in which it officially relinquished jurisdiction of the .26 mile portion to the Township.
The Plaintiff subsequently filed a four-count Complaint naming both the Road Commission and the Township as Defendants. Counts I and II seek declaratory relief with regard to ownership of the Iron Bridge; Counts III and IV, pled in the alternative, seek relief under the Michigan Environmental Protection Act and injunctive relief.
The parties stipulated the dismissal of plaintiff's claim that the Michigan Environmental Protection Act was violated, and the trial court dismissed plaintiff's claim for an easement by necessity on the basis that plaintiff has every right to utilize the 0.26 mile portion of the road to access its property even though the road commission relinquished jurisdiction to the township. These two issues are not raised on appeal. With regard to count one, which is the basis for the main dispute on appeal, the trial court held that the township did not exceed its authority under MCL 224.18 by assuming jurisdiction over the 0.26 mile portion of the road, including the Iron Bridge. The trial court also dismissed plaintiff's request for an injunction to require defendants to take the affirmative act of maintaining and repairing the Iron Bridge so that it could support emergency vehicles, and to prohibit defendants from closing, removing, or adding further weight restrictions to the bridge.

II. Analysis
The central issue on appeal is whether the road commission properly relinquished jurisdiction over the 0.26 mile stretch of the road to the township pursuant to MCL 224.18. Our review of the trial court's grant of summary disposition, as well our review of its construction of MCL 224.18, is de novo. Eggleston v. Bio-Medical Applications of Detroit, Inc., 468 Mich. 29, 32, 658 N.W.2d 139 (2003); Veenstra v. Washtenaw Country Club, 466 Mich. 155, 159, 645 N.W.2d 643 (2002).

A. Relinquishments of Jurisdiction
In Rakestraw v. Gen. Dynamics Land Systems, Inc., 469 Mich. 220, 224, 666 N.W.2d 199 (2003), our Supreme Court set forth how a court is to discern legislative intent:
In interpreting a statute, our obligation is to discern the legislative intent that may reasonably be inferred from the words actually used in the statute. White v. Ann Arbor, 406 Mich. 554, 562, 281 N.W.2d 283 (1979). A bedrock principle of statutory construction is that "a clear and unambiguous statute leaves no room for judicial construction or interpretation." Coleman v. Gurwin, 443 Mich. 59, 65, 503 N.W.2d 435 (1993). When the statutory language is unambiguous, the proper role of the judiciary is to simply apply the terms of the statute to the facts of a particular case. Turner v. Auto Club Ins. Ass'n, 448 Mich. 22, 27, 528 N.W.2d 681 (1995). In addition, words used by the Legislature must be given their common, ordinary meaning. MCL 8.3a.
Plaintiff's main contention on appeal is that, contrary to the trial court's ruling, the road commission did not have the authority under MCL 224.18 to relinquish jurisdiction of the 0.26 mile portion of Glade Valley Road to the township because that statutory provision has been superseded by the transfer of jurisdiction over highways act (transfer act), MCL 247.851 et seq.
The portions of MCL 224.18, operative at the time the relevant proceedings took *906 place,[1] read as follows:
(3) The board of county road commissioners of any county which has adopted the county road system, at any time, may either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part of a county road, by a resolution adopted by a majority vote. The vote of the county road commissioners in respect to either relinquishment of jurisdiction or absolute abandonment and discontinuance shall be taken and entered, and notice given, in the same manner as required in this section in cases in which county roads are adopted. After proceedings to relinquish jurisdiction have been had, the jurisdiction and control of the road, or part of the road, except as otherwise provided in this section, shall revert to the township or municipality within which the road is situated, and the county shall be relieved of the responsibility for the road. After proceedings to absolutely abandon and discontinue, the road or part of the road shall cease to exist as a public highway unless the unit of government that acquires the property or control of the property permits such a use. Subject to subsection (8), the board, at the time of the passage of a resolution to absolutely abandon and discontinue any portion of a highway under its jurisdiction, shall determine in the resolution that it is to the best interests of the public that the highway or portion of the highway be absolutely abandoned and discontinued....
* * *
(5) If a petition for absolute abandonment and discontinuance of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting thereon, ... the board of county road commissioners shall, within 20 days after receiving the petition, subject to subsection (8), determine the advisability of the abandonment and discontinuance and either grant or deny the petition without further proceedings.... The board shall also notify the township or municipality within which the road is situated, the state transportation department, and the department of natural resources if the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access.... The department of natural resources and the township or municipality within which the road is situated shall review the petition and determine within 30 days whether the property should be retained as an ingress and egress point. If the road is situated in a township, the township shall have first priority and the department of natural resources shall have second priority to retain the property as an ingress and egress point. If the road is not situated in a township, the department of natural resources shall have first priority to retain the property as an ingress and egress point.
* * *
(8) Subject to subsection (5), if the board of county road commissioners determines pursuant to this section to relinquish control, discontinue, abandon, or vacate any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the *907 general course of a stream and the township, if applicable, or the department of natural resources decides to maintain the road as a public access site, it shall convey by quitclaim deed or relinquish jurisdiction over the property if the interest is nontransferable to the township or state. If the township obtains the property or jurisdiction over the property as an ingress and egress point and later proposes to transfer the property or jurisdiction over the property, it shall give the department of natural resources first priority to obtain the property or jurisdiction over the property.... The local unit of government shall either maintain the property as a site of public access or allow it to revert to the adjoining landowners. [Emphasis added.]
Pursuant to the unambiguous language of these subsections, a county board of commissioners can relinquish control over a county road that borders on, crosses, or is adjacent to the general course of a stream, to the township in which the road is located. Indeed, plaintiff does not dispute that reading of MCL 224.18. Instead, plaintiff argues that the procedures and authority within MCL 224.18 have been superseded by the transfer act, MCL 247.851 et seq.
Specifically, plaintiff relies on MCL 247.861, which provides, in relevant part:
The provisions for relinquishment of jurisdiction of a county road in section 18 of chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.18 of the Compiled Laws of 1948 ... are superseded....
Because this section specifically provides that the transfer act supersedes provisions in MCL 224.18 for relinquishment of jurisdiction of a county road, plaintiff argues that the county's relinquishment of jurisdiction over the 0.26 miles of the road to the township was void. Reading MCL 247.861 in isolation, we would agree with plaintiff; however, our obligation is to read the entire statute as a whole.
Other provisions within the transfer act provide support for the trial court's ruling. Specifically, it is clear that the transfer act does not apply to a county road commission's relinquishing jurisdiction over a road to a township. MCL 247.851, the definitions section of the transfer act, defines "highway authority" to mean "the state highway commission, a board of county road commissioners or the governing body of a city or village ." Thus, as used in the transfer act, highway authority does not include a township. Additionally, MCL 247.852 sets forth the requirement that transfers of highway jurisdiction can occur between certain governmental entities when there is a written agreement:
The provisions of any law to the contrary notwithstanding, a highway may not not [sic] be transferred from the jurisdiction of the state to a county, city or village or from a county to a city or village without the consent of both parties, except as provided by this act. The consent shall be evidenced by a written agreement entered into after approval by resolution of each highway authority that is party to the agreement. [Emphasis added.]
It is clear from this section of the statute that the transfer act applies only to transfers from the state to a county, city, or village, or from a county to a city or village. The transfer act provides no authority for a county to transfer jurisdiction to a township. Thus, although the transfer act specifically indicates that its provisions supersede those set forth in MCL 224.18, the transfer act contains no provision for the transfer of a highway from a county to a township as provided for in MCL 224.18. The question, then, is whether the Legislature eliminated the authority *908 for a county to transfer jurisdiction over a highway to a township by not including townships in the transfer act, or whether the provisions of MCL 224.18 that pertain to transfers from a county to a township were not superseded by MCL 247.851 et seq.
The Legislature's subsequent amendments of MCL 224.18 defeat plaintiff's argument that MCL 224.18 was completely superseded. Indeed, the transfer act specifically indicates that it supersedes MCL 224.18, and there are no limitations or exceptions to that unambiguous language. Rakestraw, supra at 224, 666 N.W.2d 199 (holding that a court must apply the clear and unambiguous language to the facts of the case). However, in 1996 and 2000, well after the transfer act was enacted,[2] the Legislature made numerous substantive amendments of MCL 224.18. Specifically, in 1996 PA 218, the Legislature not only substantively amended the then-existing statute, it also added subsections, including subsections eight and eleven through eighteen. Among other things, new subsection eleven set forth the duties of local units of government (including townships), with respect to operating and maintaining the highways relinquished to them. See MCL 224.18(11). The 1996 amendments also created subsections twelve through eighteen, which set forth the procedures for ensuring compliance with the new subsection eleven, including the availability of circuit court proceedings to close and reopen such highways. Additionally, in 2000 PA 342, the Legislature again amended many of the subsections within MCL 224.18, including placing within subsection five specific reference to notice being given to the "township board of the township in which the road is situated," and a separate sentence providing that "[t]he township board of the township in which the road is situated shall have first priority to retain the property or portion of the property." See 2000 PA 342, amending MCL 224.18(5).
The fact that the Legislature has made substantive amendments of MCL 224.18, which directly address township jurisdiction of highways relinquished by a county, is of great import. Michigan law has long been that subsequent legislative enactments can be utilized, and are sometimes dispositive, in determining legislative intent behind two conflicting provisions. See, e.g., Pittsfield Charter Twp. v. Washtenaw Co., 468 Mich. 702, 712-713, 664 N.W.2d 193 (2003), citing Old Orchard by the Bay Assoc. v. Hamilton Mut. Ins. Co., 434 Mich. 244, 257, 454 N.W.2d 73 (1990), overruled on other grounds Holloway Constr. Co. v. Oakland Co. Bd. of Co. Rd. Comm'rs, 450 Mich. 608, 543 N.W.2d 923 (1996); City of Monroe v. Jones, 259 Mich.App. 443, 451-452, 674 N.W.2d 703 (2003).
Furthermore, it cannot be said that the Legislature intended to completely supersede MCL 224.18 when it enacted the transfer act, because if it had, the Legislature would not have amended a statutory provision that no longer had any force and effect. We presume the Legislature does not enact useless measures. Watson v. Aquinas College, 83 Mich.App. 192, 195, 268 N.W.2d 342 (1978), quoting Klopfenstein v. Rohlfing, 356 Mich. 197, 202, 96 N.W.2d 782 (1959). As shown above, the Legislature has specifically amended the substantive provisions of MCL 224.18, showing a clear intent that the provisions within that statutory section still control for the limited situations where a county relinquishes jurisdiction of a highway to a township.[3]
*909 Such a conclusion also allows MCL 224.18 and the transfer act to be read together harmoniously. Macomb Co. Prosecutor v. Murphy, 464 Mich. 149, 159, 627 N.W.2d 247 (2001). Under our reading of the statutory provisions, MCL 224.18 still controls when a county relinquishes jurisdiction over a highway that abuts or crosses a stream. See MCL 224.18(3), (5), and (8).[4] However, the transfer act applies to the relinquishment of highways between the state and a county, city or village, or between a county and a city or village.
Plaintiff contends that Dalton Twp. v. Muskegon Co. Bd. of Co. Rd. Comm'rs, 223 Mich.App. 53, 565 N.W.2d 692 (1997), applies to this case. In Dalton, this Court faced the issue whether the ownership of an abandoned right-of-way should revert to the township rather than the private landowner, defendant Resource Recovery Corporation. Id. at 54-56, 565 N.W.2d 692. The Court determined that the abandoned right-of-way in that case reverted to Resource Recovery pursuant to MCL 224.18. Dalton, supra at 56-57, 565 N.W.2d 692. In distinguishing between the abandonment of a road and the relinquishment of jurisdiction, the Court indicated that those portions of MCL 224.18 governing the relinquishment of jurisdiction over county roads was statutorily superseded pursuant to MCL 247.861. Dalton, supra at 56-57, 565 N.W.2d 692.
We find Dalton distinguishable from the instant case. First, Dalton addressed the procedures involved in the abandonment (as opposed to relinquishment) of a section of a right-of-way. Here, we are reviewing the relinquishment of jurisdiction over a road by a county to a township. Further, the Dalton Court did not decide the interplay between MCL 247.851 et seq. and MCL 224 .18's relinquishment provisions, because that case dealt with an abandonment of a right-of-way; hence, its statement regarding the application of MCL 247.861, which only applies to relinquishment, was dictum. See, e.g., Gilmore v. Parole Bd., 247 Mich.App. 205, 229, 635 N.W.2d 345 (2001).
In light of the foregoing, the trial court decision upholding the county's authority to transfer the 0.26 miles of Glade Valley Road to the township was correct. In relinquishing jurisdiction over this road, the county properly acted pursuant to the provisions of MCL 224.18, as did the township in accepting jurisdiction over the road. Therefore, summary disposition was properly granted to defendants.

B. Injunctive Relief
Plaintiff's other claim on appeal is that the trial court erred in granting the township's motion for summary disposition regarding the sufficiency of plaintiff's claim for injunctive relief. The trial court granted the township's motion under MCR 2.116(C)(8), which tests the legal basis of the claim on the basis of the pleadings alone. Beaudrie v. Henderson, 465 Mich. 124, 129, 631 N.W.2d 308 (2001). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts, which are construed *910 in a light most favorable to the nonmoving party. Maiden v. Rozwood, 461 Mich. 109, 119, 597 N.W.2d 817 (1999).
"`Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury.'" Bloomfield Charter Twp. v. Oakland Co. Clerk, 253 Mich.App. 1, 15, 654 N.W.2d 610 (2002), quoting Jeffrey v. Clinton Twp., 195 Mich.App. 260, 263-264, 489 N.W.2d 211 (1992). In its complaint, plaintiff alleges that the Iron Bridge provides the only access to its property, and that defendants have a duty to maintain the bridge so that it is safe and convenient for public travel pursuant to MCL 691.1402. Plaintiff's complaint also alleges that defendants have failed to maintain the bridge in a safe and convenient condition, that the bridge is unsafe because of its poor condition, and that the bridge cannot support the weight of emergency vehicles or propane trucks, which need to access plaintiff's property.
We conclude, as did the trial court, that plaintiff's complaint fails to set forth sufficient allegations to justify the extraordinary remedy of injunctive relief. First, plaintiff's complaint does not assert that the Iron Bridge is currently in danger of immediately collapsing; rather, the complaint simply alleges that the bridge may eventually collapse. This is not the type of imminent danger of irreparable injury required for an injunction. Second, nowhere in plaintiff's complaint does plaintiff assert that it has been or is currently being denied access to the property, which significantly detracts from any finding of a real and imminent danger of irreparable injury. Third, plaintiff's complaint contains no legal authority for the proposition that the township is legally obligated to take affirmative steps to make the bridge safer than it already is, because the governmental immunity statute relied upon in the complaint does not require a governmental agency to take affirmative steps in order to make a highway safer. See, e.g., Helmus v. Dep't of Transportation, 238 Mich.App. 250, 254-255, 604 N.W.2d 793 (1999). Additionally, the Michigan Department of Transportation establishes the requirements for the load capacity for bridges, MCL 254.17, and plaintiff's complaint fails to allege that the current weight capacity of three tons violates the state's road specifications for the bridge. Further, injunctive relief is meant to preserve the status quo, Consumers Power Co. v. Pub. Service Comm., 415 Mich. 134, 154, 327 N.W.2d 875 (1982), and improving the bridge would not be merely maintaining the status quo. Accordingly, for all these reasons, the trial court properly granted defendants' summary disposition of plaintiff's claim for injunctive relief.

III. Conclusion
In light of the foregoing, we affirm the trial court's grant of summary disposition of counts one and four of plaintiff's complaint.
Affirmed.
NOTES
[1] Thus, the quoted portions of the statute do not include the amendments of MCL 224.18 contained in 2000 PA 342.
[2] The transfer act was passed in 1969, and was effective March 20, 1970.
[3] MCL 247.861 states that only the relinquishment provisions of MCL 224.18 are superseded. Thus, the abandonment provisions within MCL 224.18 remain in full force and effect.
[4] Plaintiff also argues that defendants exceeded the scope of the statutory grant of authority pursuant to MCL 224.18 because the statute, when applied in situations where the road crosses or ends at a stream, only permits public access as an ingress or egress point. Contrary to plaintiff's argument, the statute does permit a township to provide the township the right to "retain the property as an ingress and egress point." MCL 224.18(5). Nothing in the statutory language indicates that such access be limited to one side of a stream or lake; thus, access may be attained from either side of the stream in this case.